Ray MARSHALL, Secretary of Labor, United States Department of Labor, Appellant,

v.

ROBERTS DAIRY COMPANY, Appellee.

No. 77–1627.

United States Court of Appeals, Eighth Circuit.

Submitted January 11, 1978.

Decided March 30, 1978.

John K. Light, Atty., U. S. Dept. of Labor, argued, Jacob I. Karro, U. S. Dept. of Labor, Washington, D. C., Charles E. Sykes, Omaha, Neb., for appellant; Carin Ann Clauss, Sol. of Labor, Donald S. Shire, Associate Sol., Washington, D. C., on brief.

Roger J. Miller, Nelson, Harding, Marchetti, Leonard & Tate, Omaha, Neb., ar-

gued for appellee; Wayne R. Gold, Omaha, Neb., on brief.

Before BRIGHT, STEPHENSON, and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Secretary of Labor Ray Marshall appeals from an adverse judgment in an action against Roberts Dairy Company (Dairy). The Secretary charged the Dairy with violating the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1970), by discharging six employees whose ages ranged from fifty-nine to sixty-three years. The district court [1] found that the discharge resulted from business reasons unrelated to the employees' ages. We affirm.

The district court concluded that the evidence presented by the Secretary established a prima facie case of age discrimination,[2] for

1. The six complainants were all within the protected group (age 40–65) as provided in the Act.

2. The six complainants were discharged against their will on December 31, 1973.

3. Each of the six complainants had apparently done satisfactory work over a long period of time at the dairy. This is inferred from the fact that no unfavorable comments appear in the personnel file of any of the six complainants.

4. There is evidence in the record that at least some of the six complainants had some of their work taken over by a younger person.

The burden therefore shifted to Dairy to prove that the employees were discharged for reasons other than age.[3] The district court determined that Dairy sustained that burden, and it made the following specific findings and comments with respect to each discharged employee:

1. *Wells Holben.* The evidence was uncontradicted that Mr. Holben had been unable to fulfill his duties as Omaha branch sales manager on a full-time basis for a considerable period of time before his termination due to medical reasons. This fact is reflected in Mr. Edwards' memorandum to Mr. West as well. The Court finds that the defendant company discharged Mr. Holben for that reason and that the termination was justified under the Act. 29 U.S.C. § 623(F)(3).

2. *Richard Reed.* Mr. Reed's duties had been primarily in the retail operations of the dairy, and after its elimination his duties were reduced to the point that the job became clerical in nature. His duties were absorbed by Joyce Shanahan, an hourly clerical employee. The government called Mrs. Shanahan on rebuttal and attempted to establish that her work load required the help of another employee, but this was not persuasive. The credit manager position was eliminated after Mr. Reed's termination. He was terminated for the valid, nondiscriminatory business reason that his position had been abrogated by the elimination of the retail operation.

3. *Glen R. Mikkleson* was an Assistant Office Manager whose duties were mostly

---

1. The Honorable Richard E. Robinson, United States Senior District Judge, District of Nebraska.

2. 29 U.S.C. § 623(a) provides:
   It shall be unlawful for an employer—
   (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]
   The Fifth Circuit has approved the criteria used by the district court to establish a prima facie case of age discrimination. *Wilson v. Sealtest Foods Division of Kraftco Corp.*, 501

F.2d 84, 86 (5th Cir. 1974). The use of these criteria has not been challenged on this appeal.

3. 29 U.S.C. § 623(f) provides in pertinent part:
   It shall not be unlawful for an employer, employment agency, or labor organization—
   (1) to take any action otherwise prohibited under subsections (a), (b), (c), or (e) of this section where age is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business, or where the differentiation is based on reasonable factors other than age;
   * * * * * *
   (3) to discharge or otherwise discipline an individual for good cause.

miscellaneous in nature. The elimination of retail operations considerably reduced his workload. His duties were divided among remaining employees after his termination. On rebuttal the government attempted to establish that one Larry Beister had replaced Mr. Mikkleson; indeed, Mr. Beister testified to that effect. On cross examination it came out that Mr. Beister had not previously worked in the same area as Mr. Mikkleson and that he did not know exactly what duties Mr. Mikkleson had performed. It was also established that Mr. Beister could perform keypunching while Mr. Mikkleson could not. The Court finds that Mr. Mikkleson was terminated for the sound business reason, not actuated by consideration of age, that his position was no longer necessary after the elimination of the retail operation.

4. *Cyrus Moen.* Mr. Moen's title was "Retail House Supervisor." After the retail operation was eliminated, Mr. Moen's duties were reduced to answering the telephone in the absence of the sales manager. His duties were absorbed by hourly-paid clerical employees after his termination. His discharge was not based on considerations of age, and he was terminated for the valid business reason that his position was no longer necessary after the elimination of the retail operation.

The government argues that the retention of Reed, Mikkleson, and Moen after the retail operation was eliminated in June, 1973, indicates that the defendant did intend to make effective use of them in the remaining organization, and that their subsequent discharge was therefore not for valid business reasons. The Court cannot accept this line of reasoning but rather finds that it was entirely reasonable for the dairy to *continue* to evaluate the organization in order to keep the level of salaried personnel at the level required for efficient operation.

5. *Arthur F. Lindberg* was an account salesman for hotels, restaurant and institutions. Mr. Jones testified that Mr. Lindberg had failed to meet his sales increase quotas. His duties were ab-

sorbed by one Carl Smith, who had previously shared the same duties with Mr. Lindberg. Mr. Smith has since that time continued to increase his sales steadily in the same area previously handled by the two men. The Court finds that Mr. Lindberg was terminated for ineffectiveness, and that age was not a factor in this decision. 29 U.S.C. § 623(F)(3)

6. *Otto G. Vollmer* was in essence an account salesman for non-corporate chain grocers in the Omaha area. Mr. Jones testified that Mr. Vollmer did not attain his sales goals and that he was terminated for that reason. His functions were absorbed by Ed Bruneteau, an hourly employee who then performed both jobs. Mr. Vollmer's termination was for sound business reasons and was not actuated by considerations of age.

On appeal, the Secretary contends that Dairy's evidence falls short of meeting the standard of proof required to rebut a prima facie case of age discrimination. We do not agree. The district court made a detailed evaluation of the quality and quantity of the evidence before it and concluded:

1) that the defendant met its burden of explanation with respect to the termination of the six complainants and 2) that the government failed to rebut the explanations.

After examining the record, we cannot say that the district court's findings are clearly erroneous. Indeed, those findings are supported by substantial evidence, and the district court's conclusions follow from its findings.

Affirmed.