John E. CLEVERLY, Plaintiff,

v.

WESTERN ELECTRIC COMPANY, INC., Defendant.

Civ. A. No. 74CV566–W–B.

United States District Court,
W. D. Missouri, W. D.

April 14, 1978.

See also D.C., 69 F.R.D. 348.

William F. Burns, Norman Humphrey Jr., of Burns & Humphrey, Independence, Mo., David H. Jeter, of Edwards, Markey, Ely & Lambert, Blue Springs, Mo., for plaintiff.

Joseph J. Kelly, Jr., Sandra L. Schermerhorn, Jack L. Whitacre, Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant.

FINAL JUDGMENT AND ORDERS DENYING DEFENDANT'S MOTIONS FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND, IN THE ALTERNATIVE, FOR A NEW TRIAL, RETROACTIVELY REINSTATING PLAINTIFF THROUGH AUGUST 1, 1975, AND AWARDING ATTORNEYS' FEES

WILLIAM H. BECKER, Senior District Judge.

### Introduction

In August 1976, before the jury trial in this action, it was concluded in a pretrial

ruling that plaintiff was entitled to a jury trial on the issues raised by plaintiff's claims (1) for lost wages in the form of actual damages (described as "back pay" by plaintiff and hereinafter referred to as "lost wages" or "actual damages"), and (2) for liquidated (partially punitive) damages. *Cleverly v. Western Electric Company*, 69 F.R.D. 348 (W.D.Mo.1975). This conclusion was based on the right to jury trial guaranteed by the Seventh Amendment to the Constitution of the United States. It was further concluded in that opinion that plaintiff's claims for reinstatement and for attorneys' fees were not triable by jury. *Cleverly v. Western Electric Company, supra.*

Thereafter the issues determined to be triable by a jury were first tried by a jury. The plaintiff prevailed on the issue of lost wages. The defendant prevailed on the issue of liquidated (or partially punitive) damages.

Defendant filed post-trial motions for (1) judgment in accordance with the motion for directed verdict, and (2) for new trial.

At the time the post-trial motions were filed there was no controlling decision on the right to jury trial of the issues of lost wages and liquidated damages. Great uncertainty on the final resolution of the right to jury trial existed. Within a comparatively short time a conflict in the decisions of the Circuit Courts of Appeals developed. See *Morelock v. NCR Corp.*, 546 F.2d 682 (C.A.6, 1976), *vacated*, 435 U.S. 911, 98 S.Ct. 1463, 55 L.Ed.2d 503, (1978); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (C.A.3, 1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); *Pons v. Lorillard*, 549 F.2d 950 (C.A.4, 1977), *cert. granted*, 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1090 (1977). See also the cases cited in the comment in 44 U.Chi. L.Rev. 365, entitled *The Right to Jury Trial Under the Age Discrimination in Employment and Fair Labor Standards Acts.*

Because of this uncertainty the rulings on the post-trial motions in this action were

deferred awaiting resolution of the jury trial questions.

The Supreme Court of the United States granted certiorari in *Pons v. Lorillard, supra*, as indicated above, and resolved the question of the right to jury trial on the issues raised by the claim for lost wages, relying on statutory construction rather than on the Seventh Amendment. *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).

■ Because this action, in regard to the issue on which plaintiff prevailed, has been tried in accordance with the controlling decision of the Supreme Court of the United States in *Lorillard v. Pons, supra*, and because no error is found in the jury trial, the judgment on that verdict will now be approved.

The equitable issues were submitted on the record made in the jury trial and in a supplemental non-jury evidentiary hearing. The equitable issues and post-trial motions have been determined in the following part of these findings of fact and conclusions of law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an action under the Age Discrimination in Employment Act of 1967, Sections 621 *et seq.*, Title 29, United States Code (hereinafter "ADEA"). Plaintiff alleges that he was discharged from his employment as an engineer by defendant because of his age, in violation of the ADEA. He seeks reinstatement, lost wages, liquidated damages, and attorneys' fees.

Plaintiff requested a trial by jury on all issues. A determination was made that plaintiff was entitled to a jury trial on the issues of lost wages and liquidated damages, but that the issues of reinstatement and attorneys' fees were equitable in nature requiring determination by the Court without a jury. *Cleverly v. Western Electric Company, supra.*[1] A jury trial limited to

---

1. Other courts also concluded that a limited right to jury trial exists under the Age Discrim-

ination Act. *Pons v. Lorillard*, 549 F.2d 950 (C.A.4, 1977), *aff'd Lorillard v. Pons*, 434 U.S.

the issues of actual damages and liquidated damages was held. The jury returned a verdict for plaintiff on the issue of actual damages in the amount of $14,769.74, and for defendant on the issue of liquidated damages. Thereafter, an adjourned plenary evidentiary hearing before the Court sitting without a jury was held on the equitable issues of reinstatement and attorneys' fees.

Defendant has moved for judgment notwithstanding the jury verdict and, in the alternative, for a new trial in respect to the jury-tried issues. The equitable and legal issues have been fully briefed and argued.

For the reasons stated below, defendant's motions for judgment notwithstanding the verdict and, in the alternative, for a new trial will be denied. Plaintiff will be retroactively reinstated only through August 1, 1975. An attorneys' fee of $9,603.00, and interest, will be awarded.

I. Motion For Judgment Notwithstanding Jury Verdict.

In ruling on a motion for judgment notwithstanding the jury verdict, the evidence must be viewed in a light most favorable to the party prevailing in the jury verdict, and it must be given the benefit of every reasonable inference which may be drawn from the evidence. *Davis v. Burlington Northern, Inc.*, 541 F.2d 182 (C.A.8, 1976), cert. denied, 429 U.S. 1002, 97 S.Ct. 533, 50 L.Ed.2d 613 (1976); *Banks v. Koehring Co.*, 538 F.2d 176 (C.A.8, 1976); *Nodak Oil Co. v. Mobil Oil Corp.*, 533 F.2d 401 (C.A.8, 1976).

The verdict must be sustained if there is any substantial evidence to support it. However, judgment notwithstanding the verdict must be granted if the evidence, so viewed, was such that reasonable men could not differ with regard to the conclusion that plaintiff failed to meet his burden of proof. *Davis v. Burlington Northern, Inc., supra; Hartman v. United States*, 538 F.2d 1336 (C.A.8, 1976); *Russ v. Ratliff*, 538 F.2d 799 (C.A.8, 1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977); *Banks v. Koehring Co., supra.*

In an action under the ADEA, the plaintiff bears the initial burden of making a *prima facie* case of unlawful discrimination. Once plaintiff has made a *prima facie* case, the burden of proof shifts to the defendant to show that plaintiff was discharged because of reasonable factors other than age. *Moses v. Falstaff Brewing Corp.*, 550 F.2d 1113 (C.A.8, 1977); *Hodgson v. First Federal Savings & Loan Ass'n*, 455 F.2d 818 (C.A.5, 1972);[2] cf. *Marshall v. Roberts Dairy Co.*, 572 F.2d 1271 (C.A.8, 1978). Whether the burden of proof in the sense of risk of non-persuasion or burden of going forward with the evidence shifted in this action, the result would be the same. The plaintiff has produced sufficient evidence to meet the risk of non-persuasion, the heaviest burden of proof. The jury was instructed in defendant's instruction No. 1 that this burden of proof was on the plaintiff.

To make a *prima facie* case of unlawful discrimination, plaintiff is required only to produce evidence to show

575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978); *Bertrand v. Orkin Exterminating Co., Inc.*, 419 F.Supp. 1123 (N.D.Ill.1976); *Murphy v. American Motors Sales Corp.*, 410 F.Supp. 1403 (N.D. Ga.1976); *Chilton v. National Cash Register Co.*, 370 F.Supp. 660 (S.D.Ohio 1974). But see: *Morelock v. NCR Corp.*, 546 F.2d 682 (C.A.6, 1976), vacated, 435 U.S. 911, 98 S.Ct. 1463, 55 L.Ed.2d 503 (1978); *Hannon v. Continental Nat. Bank*, 427 F.Supp. 215 (D.Colo.1977); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329 (E.D.Pa.1976).

In several cases, jury trials have been held without discussion of the right to jury trial. See e. g.: *Laugesen v. Anaconda Co.*, 510 F.2d 307 (C.A.6, 1975); *Matthews v. Drew Chemical Corp.*, 475 F.2d 146 (C.A.5, 1973); *Combes v. Griffin Television, Inc.*, 421 F.Supp. 841 (W.D. Okl.1976); *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834 (C.A.3, 1977), cert. denied, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); *Monroe v. Penn-Dixie Cement Corp.*, 335 F.Supp. 231 (N.D.Ga.1971).

2. Other courts have held that once plaintiff makes a *prima facie* case, only the burden of going forward with the evidence to show that plaintiff was discharged because of reasonable factors other than age shifts to defendant, with the ultimate burden of proof of discrimination on the basis of age remaining with plaintiff. *Bittar v. Air Canada*, 512 F.2d 582 (C.A.5, 1975); *Laugesen v. Anaconda Co.*, 510 F.2d 307 (C.A.6, 1975). The evidence in this action on the issue of right to lost wages is sufficient to warrant the finding of the jury under this standard.

that one factor behind his discharge was his age, and that his age in fact made a difference in determining whether he was to be retained or discharged. *Laugesen v. Anaconda Company,* 510 F.2d 307 (C.A.6, 1975). It is concluded that, weighing the evidence, the jury could reasonably have found that plaintiff's age was a factor which made a difference in the decision to discharge him based on all the evidence including, but not limited to, the following summary.

Plaintiff was employed in 1960 by defendant Western Electric Co. as a planning engineer in its Lee's Summit, Missouri plant. At that time, he was thirty-nine years of age. He remained continuously employed until he was discharged on February 8, 1974, at the age of fifty-three. Prior to this time, plaintiff's employment performance, while not rated the highest, was satisfactory. Plaintiff earned several merit raises during his employment by defendant. Plaintiff's salary steadily increased from the time of his employment by defendant until his discharge.

In the summer of 1973, as a consequence of declining economic conditions, the management of defendant directed that its engineering department begin to plan for a possible reduction in force. In accordance with that directive, the manager of engineering, Earl Long, directed his assistant managers, including Ted Merrell, to meet with their department chiefs to determine those candidates to be chosen for layoff if a reduction in force ensued.

Pursuant to these instructions, Merrell met with his four department chiefs, one of whom was Larry Jones, plaintiff's immediate supervisor, to determine an order of layoff. Each department chief supervised a subordinate group of engineers. After plaintiff was chosen as first candidate in Jones' department for layoff, other department chiefs were asked to find a place for plaintiff in their departments. Each of them refused to do so. Plaintiff was placed near the top of the proposed layoff list which included candidates from each of the four departments.

Thereafter, in November 1973, Jones, acting with authority, met with plaintiff to inform him that he was a candidate for layoff. One of the reasons given to plaintiff by Jones for the choice of plaintiff for layoff by defendant was that his layoff would make way for younger engineers in the department. Although defendant contends that the ultimate decision to discharge plaintiff in February 1974 was based solely on plaintiff's competence as an engineer and the need for a reduction in force, the jury could reasonably find, based on this statement by an agent of defendant with authority to speak for defendant, and from other evidence, that plaintiff's age as well as his competence as an engineer was a substantial factor in choosing him for discharge.

Other substantial evidence from which the jury could find that plaintiff's age was a decisive factor in his layoff was adduced. His pension rights were to vest soon. Sometime before his termination plaintiff was told that he would be retained through August 1975, when his pension rights vested but would be expected to resign then.

No corporate judgment was made on whether plaintiff should be laid off by defendant, independent of the separate failures of the department chiefs to find a position for plaintiff despite the layoff plan. At least three of these chiefs had as a motive the retention of the younger engineers in their department's group. The plaintiff had a long consistent record of satisfactory performance and promotion in more than one engineering assignment since his employment. No discriminate judgment independent of the interested department chiefs was made on whether plaintiff should be reassigned to other duties he had successfully performed earlier. These duties continued to be performed by another. So the finding of the jury was warranted by substantial evidence. The jury was not required to find for the defendant on the evidence defendant submitted in support of its action in discharging plaintiff.

## II. Motion For New Trial.

A motion for new trial is addressed to the sound discretion of the trial court. *Lincoln*

*Carpet Mills, Inc. v. Singer Co.*, 549 F.2d 80 (C.A.8, 1977); *Nodak Oil Co. v. Mobil Oil Corp., supra; Sanden v. Mayo Clinic*, 495 F.2d 221 (C.A.8, 1974). In ruling on a motion for a new trial, the trial court must exercise its independent judgment to determine whether, viewing the entire record, the verdict was against the clear weight of the evidence. *Lincoln Carpet Mills, Inc. v. Singer Co., supra; Fireman's Fund Ins. Co. v. Aalco Wrecking Co., Inc.*, 466 F.2d 179 (C.A.8, 1972) *cert. denied, Aalco Wrecking Co., Inc. v. Fireman's Fund Ins. Co.*, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973).

For the reasons stated in Part I, it is concluded that the jury could reasonably have found that age was a factor which made a difference in plaintiff's discharge. Therefore, defendant's motion for a new trial will be denied.

## III. Reinstatement.

■ Because a right to jury trial on the issue of right to wages lost because of wrongful discharge exists under the ADEA, and because there was a finding that a submissible case was made to the jury, then, in the absence of exceptional circumstances not present in this action, the jury's verdict in favor of plaintiff on the issue of age discrimination is *res judicata* for the purposes of the equitable claim for reinstatement. The same grounds, as set forth in Part I, *infra*, that support the finding of a submissible case of wrongful discharge are adopted as the basis for the equitable finding that plaintiff's age was a factor in his discharge in violation of the ADEA, and that plaintiff has suffered damages irreparable at law as a result of his wrongful discharge.

On the basis of the evidence of continued reduction in force by defendant, for permissible business reasons, from the date of plaintiff's discharge to the present, it is concluded that plaintiff is not entitled to present reinstatement. However, it is found that plaintiff is entitled to retroactive reinstatement through at least August

1, 1975, when his pension rights would have vested.

## IV. Attorneys' Fees.

■ The plaintiff, having prevailed on the lost wages issue, is entitled to recover a reasonable attorneys' fee. *Brennan v. Ace Hardware Corp.*, 495 F.2d 368 (C.A.8, 1974); 29 U.S.C.A. § 626(b).

The award of attorneys' fees will be made in accordance with the standards formulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (C.A.5, 1974), and applied in *Grunin v. International House of Pancakes*, 513 F.2d 114 (C.A.8, 1975), *cert. denied*, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975). These standards have been specifically approved for the award of attorneys' fees in civil rights actions by the United States Court of Appeals for the Eighth Circuit in *Doe v. Poelker*, 515 F.2d 541 (C.A.8, 1975), *appeal following remand,* 527 F.2d 605 (C.A.8, 1976), *rev'd on other grounds*, 432 U.S. 519, 97 S.Ct. 2391, 53 L.Ed.2d 528 (1977). See also *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (C.A.3, 1973) ("Lindy I"); 540 F.2d 102 (C.A.3, 1976) ("Lindy II"); and *Manual for Complex Litigation*, Part 1, § 1.47.

Under *Johnson*, and other cases, the following factors are to be considered:

(1) the time and labor required;

(2) the novelty and difficulty of the questions;

(3) the skill required to perform the legal service properly;

(4) the preclusion of other employment by the attorney because of acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client;

(12) awards in other cases.

These factors will be considered in the following manner: first, a determination will be made of the number of hours spent by plaintiff's counsel, and in what manner; second, a value will be placed on those services by consideration of the customary fee charged by plaintiff's counsel; finally, this initial figure will be adjusted by consideration of the remaining factors.

A. Time Spent.

The parties have stipulated that counsel for plaintiff expended the following numbers of hours in trial or in trial preparation:

| | |
|---|---|
| William F. Burns | 97.2 hours |
| Norman Humphrey | 31.5 hours |
| David H. Jeter | 16.3 hours. |

B. Value of Services.

William F. Burns and Norman Humphrey customarily charge at a minimum rate of $50.00 per hour. David A. Jeter customarily charges at a minimum rate of $40.00 per hour. Each charges an additional $10.00 per hour for time in trial.

Considering the experience, reputation, and ability of counsel, these per-hour rates are found to be reasonable. They produce a total minimum fee factor of $7,087.00, computed as follows:

| | | | |
|---|---|---|---|
| Burns | 97.2 hours × $50.00 | = | $4,860.00 |
| Humphrey | 31.5 hours × $50.00 | = | 1,575.00 |
| Jeter | 16.3 hours × $40.00 | = | 652.00 |
| Minimum Total | | | $7,087.00 |

C. Adjustment For Other Factors.

The fee should be enhanced because of (1) the novelty and difficulty of the legal and factual questions, (2) the skill required, (3) the contingent nature of the fee contract, and (4) the added charge for time in trial.

The time in trial for Burns and Humphrey was 15 hours each, or 30 hours total, for which an added $10.00 per hour of trial time, or $300.00 is allowed. For the other factors, the minimum fee should be enhanced. The total minimum fee of $7,087.00, plus $300.00 for trial time, is $7,387.00. This minimum enhanced total fee should be increased by addition of 30% for the other factors (1), (2), and (3) listed above, adding $2,216.00 to $7,387.00, for a total allowable fee of $9,603.00, with interest at 6% from September 15, 1976.

V. Conclusion.

This action was tried to a jury in accordance with the conclusion that a limited right to jury trial exists under the ADEA.

For the foregoing reasons, it is therefore

ORDERED that defendant's motions for judgment notwithstanding the verdict or, in the alternative, for a new trial, be, and they are hereby, denied. It is further

ORDERED and ADJUDGED that plaintiff be, and he is hereby, retroactively reinstated through August 1, 1975, with all rights and privileges appurtenant to satisfactory service through that date. It is further

ORDERED and ADJUDGED that plaintiff be, and he is hereby, awarded an attorneys' fee of $9,603.00, plus interest at 6% from September 15, 1976. It is further

ORDERED that jurisdiction be retained to make such other and further orders that may be necessary or desirable to implement and effect the purposes of the judgments and orders in this action.

The Clerk of this Court is directed to enter the Separate Final Judgment herein, filed herewith.