594 F.2d 638
 18 Fair Empl.Prac.Cas. 1335,
19 Fair Empl.Prac.Cas. 413,
18 Empl. Prac. Dec. P 8765,
19 Empl. Prac. Dec. P 9183
John E. CLEVERLY, Appellant-Cross-Appellee,
v.
WESTERN ELECTRIC COMPANY, Appellee-Cross-Appellant.
 Nos. 78-1446, 78-1460.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 13, 1978.
Decided Jan. 2, 1979.
On Motion for Attorney's Fees March 8, 1979.
On Motion for Attorney's Fees
 
 Ronald C. Finke, Burns & Humphrey, Independence, Mo., for John E. Cleverly; William F. Burns, Independence, Mo., on brief.
 Howard F. Sachs, Kansas City, Mo., for Western Elec. Co.; Jack L. Whitacre of Spencer, Fane, Britt & Browne, Kansas City, Mo., on brief.
 Before HEANEY and McMILLIAN, Circuit Judges, and SMITH, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment entered by the District Court, which is reported as Cleverly v. Western Elec. Co., Inc., 450 F.Supp. 507 (W.D.Mo.1978). John E. Cleverly, who had been employed by Western Electric as an engineer, brought this action against the Company, claiming that he was unlawfully discharged because of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 Et seq. He sought reinstatement, lost wages, liquidated damages, and attorney's fees.
 
 
 2
 The District Court properly found, as a preliminary matter, that Cleverly was entitled to a trial by jury as to the issues of lost wages (actual damages) and liquidated (partially punitive) damages. Id. at 508. See Lorillard v. Pons, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). The jury found that Cleverly had been a victim of age discrimination, and awarded him $14,769.74 in actual damages, which represented lost wages from the date of his discharge in February, 1974 until the time of trial in September, 1976. The jury found for Western Electric on the issue of liquidated damages. Western Electric filed post-trial motions for judgment in accordance with its motion for a directed verdict, or alternatively, for a new trial. These motions were denied by the District Court. Cleverly v. Western Electric Co., Inc., supra at 509-511.
 
 
 3
 The equitable issues in the case, including Cleverly's request for reinstatement and lost pension benefits,[1] were tried to the court. The equitable issues were submitted on the record made in the jury trial and in a supplemental nonjury evidentiary hearing held on February 2, 1977. On April 14, 1978, the District Court entered its final judgment in the case. In addition to denying Western Electric's motions for judgment notwithstanding the verdict or for a new trial, as recited above, the District Court held that "(t)he same grounds * * * that support the finding of a submissible case of wrongful discharge are adopted as the basis for the equitable finding that (Cleverly's) age was a factor in his discharge in violation of the ADEA, and that (Cleverly) has suffered damages irreparable at law as a result of his wrongful discharge." The court then held that since the work force of Western Electric had been continually reduced for permissible business reasons "from the date of (Cleverly's) discharge to the present," he was not entitled to present reinstatement. The court did award Cleverly retroactive reinstatement from the date of his discharge until "at least August 1, 1975, when his pension rights would have vested." The court also awarded Cleverly attorney's fees in the amount of $9,603.00. Id. at 511-512.
 
 
 4
 On appeal, Western Electric contends that no submissible case of age discrimination was made; that the jury's award for actual damages was excessive in that it awarded Cleverly lost wages for a period beyond the time during which, under the District Court's analysis, he was entitled to reinstatement; and that the attorney's fees awarded to Cleverly were excessive. Cleverly cross-appeals, contending that the District Court erred in denying him present reinstatement. We affirm the District Court's judgment in all respects.
 
 
 5
 We have carefully reviewed the record before us and conclude that there was sufficient evidence to support the jury's verdict. In passing upon a motion for judgment notwithstanding the verdict, the standard to be applied by the District Court and by this Court is the same. In either case, the evidence must be considered in the light most favorable to the plaintiff, as the party prevailing with the jury. All conflicts in the evidence must be resolved in a manner which favors the jury's verdict, and all facts which the plaintiff's evidence tends to prove must be assumed to have been proven. The plaintiff must be given the benefit of all favorable inferences which may reasonably be drawn from the facts proved, and the motion must be denied if, reviewing the evidence in this light, reasonable men could differ as to the conclusions to be drawn from it. Farner v. Paccar, Inc., 562 F.2d 518, 522 (8th Cir. 1977); Polk v. Ford Motor Co., 529 F.2d 259, 267 (8th Cir.) (en banc), Cert. denied, 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976). Since such motions deprive the plaintiff of a determination of the facts by a jury, they should be sparingly granted. Farner v. Paccar, supra at 522; Jeanes v. Milner, 428 F.2d 598, 601 (8th Cir. 1970).
 
 
 6
 In an action brought under the ADEA, the ultimate burden that a plaintiff must meet is to show that age was a determining factor in his or her discharge. Cova v. Coca-Cola Bottling Co. of St. Louis, 574 F.2d 958, 960 (8th Cir. 1978); Laugesen v. Anaconda Co., 510 F.2d 307, 315-317 (6th Cir. 1975). Cleverly began his employment with Western Electric in 1960, when he was thirty-nine years of age. He remained continuously employed until February 8, 1974, when he was fifty-three years old. During the period of his employment, Cleverly's employment performance received satisfactory ratings. He received several merit raises, and his salary steadily increased during the term of his employment. In the summer of 1973, Western Electric began to experience economic difficulties, and discussions regarding possible layoffs in the engineering department began. Cleverly's immediate supervisor met with Cleverly in November, 1973, and informed him that he was a candidate for layoff. One of the reasons given for Cleverly's impending layoff was that his departure would make way for younger engineers in the department. Cleverly was discharged three months later, in February of 1974, just six months prior to the vesting of his pension. Western Electric contended at trial that the decision to lay Cleverly off was based solely on Cleverly's performance as an engineer and on the company's need to reduce its work force. The District Court correctly held that the jury could reasonably have found that Cleverly's age as well as his competence as an engineer provided the motivation for his discharge.
 
 
 7
 Western Electric next contends that the jury's award of lost wages from the time of Cleverly's discharge in February, 1974, until the time of trial in September, 1976, was excessive. It contends that since the District Court awarded Cleverly "retroactive seniority" only until August 1, 1975, it must have found that Cleverly's employment would have been terminated at that time, and that this finding is inconsistent with the jury's award of lost wages until the time of trial. This apparent inconsistency between the jury's award and the District Court's award is troublesome. The District Court did not specifically find, however, that Cleverly would not have been employed in any event as of the time of trial. Rather, the court found that he would have been employed by Western Electric "at least" through August 1, 1975, when his pension rights vested, but was not entitled to reinstatement as of the time of the court's order issued on April 14, 1978, because of "continued reduction in force by (Western Electric), for permissible business reasons, from the date of (Cleverly's) discharge To the present." (Emphasis added.) The court's conclusion that Cleverly would have been employed on August 1, 1975, but would not have been as of April 14, 1978, is not necessarily inconsistent with the jury's determination that he would have been employed as of September, 1976, but for his unlawful discharge. Moreover, the court's findings which supported its denial of present reinstatement were based at least in part on additional evidence which was submitted by the parties in the post-trial supplemental hearing. Under these circumstances, we cannot say that the court's findings of fact on this issue are clearly erroneous. For the same reasons, we reject Cleverly's contention that the District Court abused its discretion in denying him present reinstatement.
 
 
 8
 Finally, Western Electric contends that the $9,603.00 attorney's fee awarded to Cleverly was excessive in that it exceeded fifty percent of his recovery, as provided in the contingent fee arrangement between Cleverly and his counsel. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir. 1974). We find no merit to this contention, since the combined value of the jury's award and of the pension rights which Cleverly obtained greatly exceeded twice the amount of the attorney's fees awarded. We also note that the District Court's application of the Johnson standards in its computation of the fee in this case is a model of clarity, which should serve as an example for the proper computation of attorney's fees awards in cases of this type. See Cleverly v. Western Elec. Co., Inc., supra at 511-512.
 
 
 9
 The judgment is affirmed.
 
 
 10
 Before HEANEY and McMILLIAN, Circuit Judges.
 
 ON MOTION FOR ATTORNEY'S FEES
 
 11
 PER CURIAM.
 
 
 12
 John E. Cleverly brought this action against Western Electric Company, claiming that he was unlawfully discharged because of his age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 Et seq. A jury found that Cleverly had been a victim of age discrimination and awarded him $14,769.74 in actual damages, which represented lost wages from the date of his discharge in February, 1974, until the time of trial in September, 1976. After a trial of the equitable issues to the court, the District Court awarded Cleverly retroactive reinstatement through August 1, 1975, when Cleverly's pension rights would have vested. The court denied Cleverly's request for present reinstatement. The court awarded Cleverly $9,603 for attorney's fees for the trial phase of the case. Both Cleverly and Western Electric appealed. We affirmed the District Court's judgment in all respects. John E. Cleverly v. Western Electric Company, Nos. 78-1446, 78-1460, 594 F.2d 638 (8th Cir., Jan. 2, 1979).
 
 
 13
 Cleverly has now filed a motion in this Court, requesting $7,219.50 for attorney's fees for the appellate phase of the case. Western Electric opposes this motion on several grounds. First, it points out that Cleverly seeks an award of attorney's fees for all appellate work done by his counsel in this case, even though Cleverly was unsuccessful in his appeal from that part of the District Court's order which denied him present reinstatement. Although consideration of the results obtained is proper in determining the amount of attorney's fees to be awarded to a prevailing civil rights plaintiff, See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), that factor should not be given such weight that it reduces the fee awarded to an amount below the reasonable attorney's fee to which the plaintiff is entitled for the case as a whole. See Brown v. Bathke, et al., 588 F.2d 634 at 637 & n. 5 (8th Cir. 1978). We, therefore, reject Western Electric's contention that all hours spent by Cleverly's counsel during the appellate phase of this case on the reinstatement issue should be disallowed.
 
 
 14
 Western Electric next contends that the total amount of attorney's fees awarded to Cleverly, for both the trial and appellate phases of this case, cannot exceed fifty percent of the amount of the jury's award since a fifty percent contingent fee arrangement exists between Cleverly and his counsel. We have previously considered this argument and found it to be without merit. Cleverly's recovery was not limited to the damages awarded by the jury, but also included the pension rights to which Cleverly was entitled after the District Court's award of retroactive reinstatement. John E. Cleverly v. Western Electric Company, supra at 642 at slip op. 6. Attorney's fees awarded by the District Court, and any fees awarded by this Court, would certainly not exceed fifty percent of this combined recovery.
 
 
 15
 Lastly, Western Electric contends that since the fees previously awarded by the District Court were "liberal," no further award of fees for appellate work is required. Awards of attorney's fees under the ADEA are governed by 29 U.S.C. § 216(b). Cova v. Coca-Cola Bottling Co. of St. Louis, 574 F.2d 958, 962 (8th Cir. 1978); 29 U.S.C. § 626(b). Under that section, an award of fees to compensate a prevailing plaintiff's counsel for services in connection with an appeal is within the discretion of the appellate court. Montalvo v. Tower Life Building, 426 F.2d 1135, 1150 (5th Cir. 1970). We have determined that such an award is appropriate in this case.
 
 
 16
 Accordingly, we have determined the attorney's fee to which Cleverly is entitled for the appellate phase of this case as follows:
 
 
 17
 a. Time Spent.
 
 
 18
 Cleverly's counsel claims 30.1 hours of partner's time and 120.3 hours of associate's time for work connected with the appeal in this case. Included in this figure are 4.0 hours of partner's time and 8.7 hours of associate's time for reviewing appellate rules and the trial transcript. We believe that 2.0 hours of partner's time and 3.0 hours of associate's time are properly allowable for an award of fees. Cleverly's counsel also claims 66.8 hours of associate's time and 3.8 hours of partner's time for preparation of Cleverly's brief and appendix. Considering the difficulty of the issues involved in the appeal and the skill required to prepare those issues, we believe that 12.0 hours of associate's time and 3.8 hours of partner's time are properly allowable. Cleverly's counsel also claims 22.7 hours of associate's time and 1.5 hours of partner's time for preparation of Cleverly's reply brief. We believe that no more than 8.0 hours of associate's time and 1.5 hours of partner's time should have been necessary for preparation of this brief. Also claimed are 15.0 hours of partner's time and 4.3 hours of associate's time for preparation for oral argument. We believe that 2.0 hours of partner's time and 2.0 hours of associate's time are properly allowable.
 
 
 19
 In summary, we believe that 15.1 hours of the time claimed for work by the partner and 42.8 hours of the time claimed for work by the associate are properly allowable for appellate work done by Cleverly's counsel in this case.
 
 
 20
 b. Value of Services.
 
 
 21
 Counsel for Cleverly claims an hourly rate of $45.00 per hour for associates and $60.00 per hour for partners, which became effective on January 1, 1978. We have determined that counsel will be compensated at the rate of $50.00 per hour for partner's time and $40.00 per hour for associate's time, the rate previously established by the District Court.
 
 
 22
 We have considered the other factors listed in Johnson v. Georgia Highway Express, Inc., supra, and find no other adjustment either to the number of hours or to the hourly rate to be justified.
 
 
 23
 Accordingly, Cleverly's counsel is awarded attorney's fees for 15.1 hours of partner's time at $50.00 per hour, and 42.8 hours of associate's time at $40.00 per hour, for a total award of $2,467 for the appellate phase of this case.
 
 
 24
 It is so ordered.
 
 
 
 *
 The Honorable TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation, participated in the post-argument conference and concurred in this opinion prior to his death on December 21, 1978
 
 
 [1]
 Cleverly's pension from Western Electric, earned after fifteen years of service, would have vested in August, 1975, some 18 months after his discharge