**Leo FULBRIGHT, Plaintiff,**

v.

**BROWN GROUP, INC., Defendant.**

**No. 77–666C(2).**

United States District Court,
E. D. Missouri, E. D.

July 1, 1980.

Michael J. Hoare, Chackes & Hoare, St. Louis, Mo., for plaintiff.

Dennis C. Donnelly, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This case is now before the Court for an award of attorney's fees. Plaintiff prevailed in this Age Discrimination action, and is therefore entitled to such an award pursuant to 29 U.S.C. § 626(b). In this action, plaintiff was awarded approximately twenty-one thousand dollars in back pay, and liquidated damages in an equal amount.

This award of attorney's fees is governed by the standards enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which were adopted by this Circuit in *Allen v. Amalgamated Transit Union*, 554 F.2d 876, 884 (8th Cir. 1977). This Court will follow the procedure adopted in *Cleverly v. Western Electric Co., Inc.*, 450 F.Supp. 507 (W.D.Mo.) aff'd 594 F.2d 638 (8th Cir. 1979), which was praised by the Eighth Circuit as "a model of clarity, which should serve as an example for the proper computation of attorney's fees awards in cases of this type." 594 F.2d at 642.

*Johnson*, supra requires consideration of twelve factors in an award of attorneys' fees: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill required to perform the legal service properly; 4) the preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client, and 12) awards in other cases. The award should generally not be less than the reasonable number of hours worked times a reasonable hourly fee. *Zoll v. Eastern Allamakee Community Sch. Dist.*, 588 F.2d 246 (8th Cir. 1978); *Cleverly*, supra, 594 F.2d at 642–643.

In this case, plaintiff's attorney is claiming fees for approximately three hundred fifty hours. This Court finds three hundred hours to have been reasonably spent on the trial phase of this case. Approximately forty of the hours claimed were spent on the appellate phase of this case. Other factors considered in reaching this decision were the time actually spent and the novelty and difficulty of the issues. Defendant naturally protests that this number of hours is unreasonably high, but this Court must conclude otherwise. Although plaintiff's attorney spent, in excess of fifty hours on posttrial matters, for example, this amount is not unreasonable in view of the numerous and challenging points raised by defendant.

This Court believes that a reasonable hourly fee in this case is sixty-five dollars ($65.00) per hour. The following factors have been considered in reaching this conclusion: the customary fee; the contingent nature of the fee; the skill required to perform the services; the experience, ability and reputation of the attorney; and the previous request by plaintiff's attorney in his motion for summary judgment on this issue.

This Court does not believe that the other factors enumerated in *Johnson*, supra, are involved to such an extent to call for enhancement in this case. An attorney's fee of nineteen thousand five hundred dollars ($19,500.00) will therefore be awarded.