**Delores LAWHORN, Plaintiff,**

v.

**TRANS UNION CREDIT INFORMA-
TION CORP., Defendant.**

**No. 80–1600C(2).**

United States District Court,
E. D. Missouri, E. D.

July 14, 1981.

M. Kathleen O'Blennis, St. Louis, Mo., for plaintiff.

Margaret M. Mooney, St. Louis, Mo., for defendant.

MEMORANDUM

NANGLE, District Judge.

This case is now before the Court for an award of attorney's fees. Plaintiff successfully established a violation of the Fair Credit Reporting Act, which entitles her to an award of fees pursuant to 15 U.S.C. § 1681(b). In this action, plaintiff recovered approximately four thousand five hundred dollars in actual damages with interest.

The parties have stipulated to the number of hours for which the plaintiff may receive compensation. This Court will award fees for approximately one hundred and thirty-one hours. Therefore, the only remaining issue for this Court to decide, is the appropriate hourly fee as determined by the facts and circumstances of this particular case.

The Eighth Circuit announced the appropriate standards and procedures governing the award of attorney's fees in *Allen v. Amalgamated Transit Union*, 554 F.2d 876 (8th Cir. 1977); *Cleverly v. Western Electric Co., Inc.*, 450 F.Supp. 507 (W.D.Mo. 1978) aff'd 594 F.2d 638 (8th Cir. 1979). In these cases the Eighth Circuit adopted the analysis and standards enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). This Court has considered a number of the factors enumerated in *Johnson*, supra, in an effort to determine the reasonable hourly fee to be awarded in this case.

Plaintiff's attorney requests seventy-five dollars an hour for services rendered. However, this Court believes that a reasonable hourly fee in this case is fifty-five dollars per hour. The Court has taken into account the following factors in an effort to reach the appropriate result: the customary fee, the skill required to perform the services; the experience, ability and reputation of the attorney. Plaintiff's attorney did a fine job in representing plaintiff, although she and plaintiff rejected a settlement offer in the middle of the trial, that was more

favorable to plaintiff than the final order of the Court.

This Court does not believe that the other factors specified in the *Johnson* opinion mandate an enhancement of the fee in this case. Therefore, an attorney's fee of seven thousand two hundred and five dollars ($7,205.00) will be awarded.