566 F.Supp. 37 (1983)
Edward Phelan ROCHE, Plaintiff,
v.
CITY OF NORMANDY, Defendant.
No. 81-1357C(4).
United States District Court, E.D. Missouri, E.D.
March 25, 1983.
On Objections to Bill of Costs June 15, 1983.
*38 *39 Richard S. Cornfeld, St. Louis, Mo., for plaintiff.
William P. Russell, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on various post-trial motions.
Plaintiff's claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., was tried to a jury on December 13, 14, 15, and 16, 1982. The jury found for plaintiff and awarded him actual *40 damages in the sum of $34,810.00. Plaintiff's claim for liquidated damages was denied.
Defendant moves for judgment notwithstanding the verdict, or alternatively for a new trial.
Defendant first claims that the Court erred in failing to grant defendant's motion to strike paragraph 8 of the amended complaint. This paragraph alleges that plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) and that the EEOC replied in writing that their investigation "revealed that you are not paid as required by the Age Discrimination in Employment Act," and authorized plaintiff to file this suit.
Defendant's argument is not sufficient to justify the relief sought. The amended complaint was not submitted to the jury, nor was the jury informed of its allegations. The fairness of the trial was not, therefore, affected.
Defendant next argues that the Court erred in failing to instruct the jury that plaintiff was required to prove, by a preponderance of the evidence, that age was a "determining factor" in his discharge. (Defendant's memorandum filed December 29, 1982, at 3.) This assertion is simply not supported by the record. In instruction number 8, the jury was instructed that:
In order to prevail on his claim, the plaintiff must prove, by a preponderance of the evidence:
1. That he was within the protected age group, that is, between the ages of forty and seventy,
2. That he was discharged, and
3. That his age was a determining factor in the discharge.
To the extent that defendant may be arguing that these elements were not supported by sufficient evidence, the Court finds the argument without merit.
The next ground defendant advances is that the Court should not have allowed the reading of a letter from the EEOC to Thomas Digman contained in Exhibit 1, plaintiff's employment file. Exhibit 1 was properly designated by plaintiff in his pretrial compliance and received by the Court into evidence without objection from defendant. Well after its receipt, defendant moved that the exhibit be stricken. Because the exhibit was already in evidence, defendant raised this point too late.
Defendant also claims that the Court erroneously permitted plaintiff to read evidence which had been excluded in Exhibit 17. Exhibit 17 was the letter from the EEOC to plaintiff. Plaintiff's offer of Exhibit 17 was rejected by the Court. A copy of the same letter, however, was contained in plaintiff's employment file with the City of Normandy, which had already been received by the Court without objection by defendant, as Exhibit 1. During the closing argument, again without objection from defendant, plaintiff read an excerpt from the letter in Exhibit 1. At no time did plaintiff read to the jury from Exhibit 17.
After the Court rejected plaintiff's offer of Exhibit 17, the Court stated to the parties that a "probable cause letter" would be admissible in evidence. Plaintiff offered Exhibit 17 as such and stated that plaintiff had received the EEOC's file concerning plaintiff's discrimination claim, and that Exhibit 17 was the only letter contained in that file from the EEOC to plaintiff. The Court decided that this letter contained language which might be unfairly prejudicial to defendant and therefore did not admit it into evidence. Because plaintiff would be entitled to inform the jury that the EEOC had issued a probable cause letter, however, the Court stated orally to the jury that such a probable cause finding had been made. At the same time, the Court carefully cautioned the jury that the question of whether the plaintiff was a victim of age discrimination was one for the jury and the jury alone. Although defendant did not object to this procedure at the time, it does so now.
Defendant, however, never denied that a probable cause finding had been made. Moreover, the Court's statement about the probable cause finding was less *41 prejudicial than the actual finding of discrimination by the EEOC contained in Exhibit 1, which was received in evidence without objection. Under these circumstances, there was no error in the Court's informing the jury about the probable cause finding, and, even if there were error, it was harmless.
Finally, defendant claims it was error to receive into evidence testimony by Mr. Digman made at a deposition December 10, 1982. Defendant claims that this testimony assumed facts not in evidence. The questions at the deposition asked Mr. Digman to assume facts contained in plaintiff's "Request for Admissions-Second Set," to which no response had been made by the defendant. These facts were thus deemed admitted under Rule 36, Fed.R.Civ.P. Thus, defendant's claim that the deposition testimony was based on facts not in evidence is without merit.
For all of the foregoing reasons, defendant's motion for judgment notwithstanding the verdict, or alternatively for a new trial, will be denied.
Plaintiff moves for prejudgment interest on the jury's award of damages. Although the question is not free from doubt, 2 H. Elgit, Age Discrimination § 18.23 (1981), it appears to this Court that the United States Court of Appeals for the Eighth Circuit would adopt the rule that such an award is proper. Cf. Hodgson v. American Can Company, 440 F.2d 916, 922 (8th Cir.1971) (decided under § 17 of the Fair Labor Standards Act). Plaintiff's memorandum in support of his motion for prejudgment interest, filed December 23, 1982, sets forth a proper computation of prejudgment interest which the Court finds supported by the evidence. Accordingly, the Court will award plaintiff prejudgment interest at the rate of 9% per annum, in the amount of $5,083.67.
Plaintiff also moves for attorney's fees and expenses. A computerized bill attached to the motion shows that plaintiff's counsel spent 271.10 hours in the preparation and trial of this matter. Plaintiff's counsel states in the motion that the hourly rate normally charged by his firm for his time is $75.00 per hour.
Prevailing plaintiffs in ADEA cases are entitled to reasonable attorney's fees. 29 U.S.C. § 626(b) (incorporating 29 U.S.C. § 216(b)); Brennan v. Ace Hardware Corporation, 495 F.2d 368 (8th Cir.1974).
In computing the award, the Court should consider:
(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill required to perform the legal service properly;
(4) the preclusion of other employment by the attorney because of acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client;
(12) awards in other cases.
Cleverly v. Western Electric Company, 594 F.2d 638, 642 (8th Cir.1979), aff'd, 450 F.Supp. 507, 511-12 (W.D.Mo.1978). The factors are considered in the following manner. First, a determination is made of the number of hours spent by plaintiff's counsel, and in what manner. Second, a value is placed on those services by consideration of the customary fee charged by plaintiff's counsel. Finally, this initial figure is adjusted by consideration of the remaining factors. Id.
Plaintiff's counsel claims 271.10 hours at a rate of $75.00 per hour, totalling $20,332.50. After viewing the competence of counsel, and taking into consideration the reputation of his law firm, the Court cannot say that a rate of $75.00 per hour is per se unreasonable. The Court finds, however, *42 that the fee should be decreased. The requested fee is 58% of the amount awarded by the jury. Plaintiff's claim for liquidated damages was rejected by the jury and no equitable relief was sought. Compare Cleverly v. Western Electric, supra at 638 (award in excess of 50% of damage award proper when reinstatement also awarded). Further, the case was a straightforward ADEA case, without novel or complex questions. The Court also notes that the EEOC had found reasonable cause to believe that a violation of the ADEA had occurred, making the case more "desirable." Thus, after consideration of the novelty and difficulty of the questions, the skill required to perform the legal service properly, the award involved and the results obtained, and the desirability of the case, the Court will decrease the award by decreasing the hourly rate to $60.00 per hour for in-trial time and $50.00 per hour for trial preparation time. The Court file shows that plaintiff's counsel spent 22.75 hours in trial, for a total of $1,365.00. Subtracting 22.75 hours from the total 271.10 hours claimed, the Court determines that plaintiff's counsel spent 248.35 hours in trial preparation, for an award of $12,417.50. The total award is $13,782.50, equalling 39.6% of the amount awarded to plaintiff by the jury.
Plaintiff's request for expenses in the amount of $2,840.85 will be denied. The expenses claimed are travel expenses, filing fees, copying expenses, deposition costs, subpoena costs, and witness fees. To the extent such expenses are recoverable, they are recoverable under the federal costs statute, 28 U.S.C. § 1920, and should be submitted in a separate bill of costs.

AMENDED JUDGMENT
This action came on for trial before the Court and a jury, Honorable William L. Hungate, District Judge, presiding, and the issues having been duly tried and the jury having rendered its verdict, and in accordance with the memorandum of the Court filed this day,
IT IS HEREBY ORDERED AND ADJUDGED that the plaintiff, Edward Phelan Roche, recover of the defendant, City of Normandy, actual damages in the sum of $34,810.00, with prejudgment interest thereon in the amount of $5,083.67, and postjudgment interest thereon at the rate of 9.07% per annum, and costs.
IT IS HEREBY FURTHER ORDERED AND ADJUDGED that plaintiff, Edward Phelan Roche, recover of the defendant, City of Normandy, the sum of $13,782.50 as and for attorney's fees.

ON OBJECTIONS TO BILL OF COSTS
This matter is before the Court on defendant's objections to plaintiff's bill of costs.
Defendant objects to plaintiff's claim of $34.20 in local travel expenses and $330.60 in expenses for subpoena service. These costs are generally not recoverable under 28 U.S.C. § 1920. 10 Wright & Miller, Federal Practice and Procedure § 2677, p. 371 (1983). This Court has ruled that, to the extent plaintiff's claims are recoverable, they are recoverable as permitted by 28 U.S.C. § 1920. (See Order of March 25, 1983.) Accordingly, defendant's objections to these costs are sustained.
Defendant also objects to plaintiff's claim of $475.50 for copying expenses, including trial exhibits. The Court finds such expenses taxable as costs under 28 U.S.C. § 1920(4), and overrules defendant's objection thereto.
Defendant also objects to portions of plaintiff's claims for witness fees and witness mileage. Defendant's objection to the $40.00 claim for the fee and mileage of Thom Digman on the day he did not testify is sustained. 10 Wright & Miller, Federal Practice and Procedure § 26.78, p. 377 (1983). Defendant's objections are otherwise overruled.
The Court also notes that plaintiff's total claim for costs in the amount of $2,806.05 exceeds the total of the itemized costs by $35.00. The total cost claimed by plaintiff is therefore actually $2,771.05.
*43 As set forth above, the Court sustains defendant's objections to $404.80 of plaintiff's claims, and will tax costs against defendant in the amount of $2,366.25.