Jacquelyn HAWKINS, Plaintiff,

v.

ANHEUSER–BUSCH, INC., Defendant.

No. 79–299C(4).

United States District Court,
E. D. Missouri, E. D.

Aug. 7, 1981.

Mary Anne Sedey, Anderson, Everett, Sedey & VanAmburg, St. Louis, Mo., for plaintiff.

Wayman F. Smith and Donald L. McCullin, Wilson, Smith & Smith, St. Louis, Mo., for defendant.

## ON DAMAGES AND ATTORNEY FEES

HUNGATE, District Judge.

This matter is before the Court for the determination of damages and attorney's fees to be awarded pursuant to this Court's judgment entered on November 25, 1980. 504 F.Supp. 882.

Plaintiff brought this action under 42 U.S.C. § 2000e et seq. to recover damages allegedly resulting from sex discrimination in employment. The case was tried September 15, 1980, through September 18, 1980, and the plaintiff was granted until October 10, 1980, to file proposed findings of fact and conclusions of law. On October 17, 1980, plaintiff was granted leave to file proposed findings of fact and conclusions of law out of time. Defendant timely filed its proposed findings of fact and conclusions of law on October 10, 1980. On November 25, 1980, this Court entered judgment in favor of plaintiff regarding her allegations of discriminatory treatment as to her application for the position of material control analyst. The Court ordered the parties to appear for a hearing on the question of damages and attorney's fees. The hearing having been held, the submission of party's memoranda addressing these questions having been received and fully considered, and being fully advised in the premises, the Court awards

to plaintiff the amount of $1,559.55 in damages and prejudgment interest, and the amount of $4,600.00 in attorney's fees, to be paid by defendant.

## I.

Damages to an injured party under Title VII of the Civil Rights Act may be awarded pursuant to § 2000e–5(g) of Title 42, United States Code, which provides in part:

If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without backpay . . . or any other equitable relief as the court deems appropriate.

■ Reviewing the record, the Court finds that an award of back pay is appropriate in the present case. The measure of plaintiff's back pay award is the difference between what plaintiff would have earned had the plaintiff been promoted and the amount plaintiff actually earned. *See DiSalvo v. Chamber of Commerce of Greater Kansas City*, 416 F.Supp. 844 (W.D.Mo. 1970), *aff'd*, 568 F.2d 593 (8th Cir.1978).

The parties have stipulated to both the period of violation of which the back pay award should be calculated, and the actual earnings of the plaintiff during that period.[1]

The parties are in further agreement and the record reflects that the position of material control analyst was designated as grade 14 of defendant's classification scheme, and plaintiff's position as account clerk was designated as grade 9.[2]

---

1. The back pay period runs from April, 1979, through February, 1980. The parties stipulate that plaintiff earned $1,230.00 monthly, for the months of April and May, 1979, and $1,350.00 monthly for the months June, 1979, through February, 1980.

2. Defendant's job classification scheme provided for the salary ranges in grades 9 and 14 as follows:

The difficulty presented the Court is the determination of plaintiff's salary level within grade 14 had no violation occurred. Upon reviewing the record, the Court finds no specific guidance on this question. However, the Court can reasonably infer what an employee would have earned. *Hairston v. McLean Trucking Company*, 520 F.2d 226 (4th Cir. 1975).

The plaintiff suggests that she would have been placed by the defendant within grade 14 at the relative position plaintiff enjoyed within grade 9. The Court, however, cannot infer from the record that this would have been the case. Nor can the Court rationalize such a procedure in view of the broad pay ranges between and within grades 9 and 14.

The defendant submits that the plaintiff's promotion would have resulted in an actual pay loss to plaintiff of about $310.00 over the eleven-month back pay period. Upon review of the record and the testimony concerning the material control analyst position's duties and responsibilities, the Court finds no rational basis for defendant's reasoning.

In many cases, pay structures in both the public and private sectors rely on percentage or similar computation to determine salary increases. For example, the Federal Civil Service System utilizes a salary level scheme, based on grades and step levels within each grade. The statute provides that when federal personnel receive promotions to a grade higher than their current level, and those grades overlap in pay range, the new pay is computed in a very specific manner. 5 U.S.C. § 5334(b). The new step level within the new grade is computed by adding the current salary to twice the amount of the next step above the current salary level. That total is matched to the nearest step in amount within the new grade. This results in approximately an eight percent salary increase.

The Civil Service computation is only an example; however, the Court finds the procedure suggests a satisfactory and reasonable formula for calculating salary promotion levels. Therefore, the Court determines that the grade 14 level of salary for plaintiff could have reasonably been set at ten percent over her former salary, or $1,353.00 for the months of April and May, 1979, and $1,485.00 in the months June, 1979, through February, 1980. This provides the Court with sufficient data to determine that the total back pay award to plaintiff is $1,461.00 (actual salary minus salary absent violation).

## II.

It is appropriate to award prejudgment interest in this case. *Equal Opportunity Employment Commission v. Local 2P, Lithographers and Photoengravers Intern. Union*, 412 F.Supp. 530 (D.Md.1975); *Taylor v. Ford Motor Co.*, 392 F.Supp. 254 (W.D. Mo.1974). Under the circumstances in this case, the Court considers prejudgment interest, calculated at the rate provided by state law (nine percent per annum simple interest), as just compensation due the plaintiff. Therefore, the Court awards the amount of $98.55 to plaintiff as prejudgment interest.

## III.

Plaintiff, as the prevailing party, has requested attorney's fees pursuant to § 706(k) of Title VII.

In *Allen v. Amalgamated Transit Union, Local 788*, 554 F.2d 876 (8th Cir. 1977), *cert. denied*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977), the Eighth Circuit reaffirmed the adoption of the following guidelines promulgated earlier by the Fifth Circuit for the consideration of the amounts that should be awarded as attorney's fees:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skill requisite to perform the legal service properly;

| | year | minimum | median | maximum |
|---|---|---|---|---|
| grade 9 | 1979 | $ 935/mo. | $1180/mo. | $1425/mo. |
| | 1980 | $ 935/mo. | $1230/mo. | $1525/mo. |

| | year | minimum | median | maximum |
|---|---|---|---|---|
| grade 14 | 1979 | $1285/mo. | $1657/mo. | $2030/mo. |
| | 1980 | $1285/mo. | $1727/mo. | $2170/mo. |

(4) The preclusion of other employment by the attorney due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client or the circumstances;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The "undesirability" of the case;

(11) The nature and length of the professional relationship with the client; and

(12) Awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). In *Cleverly v. Western Electric Company, Inc.,* 450 F.Supp. 507 (W.D.Mo.1978), *aff'd,* 594 F.2d 638 (8th Cir. 1979), the court provided a systematic approach to awarding attorney's fees in these cases. A determination is made of the number of hours spent by plaintiff's counsel, and in what manner; a value is charged by plaintiff's counsel; and finally, the initial figure arrived upon may be adjusted by consideration of the remaining factors.

Plaintiff's counsel has submitted an affidavit, filed out of time on June 5, 1981, stating her academic and legal background, the time spent on the present case, and her statement of hourly rates on similar matters. Plaintiff's counsel extensively outlines her activities pursuing this action, and presents the Court with an accounting of 185 hours at $60 per hour.

■ Defendant argues that attorney's fees should be awarded only for successful efforts by counsel on plaintiff's behalf. The Eighth Circuit has addressed this position in *Brown v. Bathke,* 588 F.2d 634 (8th Cir. 1978), disapproving the award of attorney's fees for only the successful portions of the causes of action, when the district court attempted to mechanically divide the hours between time spent on the successful portion and time spent on the unsuccessful portion of the suit. Such a division rarely can be made, and would be very difficult in the present case.

After careful consideration of the record herein, the Court is of the opinion that attorney's fees in the amount of $4,600.00 are reasonable and will be awarded. It is the Court's further conclusion that each party shall bear its own costs.