**Linda K. CLYMORE, Plaintiff,**

v.

**FAR–MAR–CO, INC., Defendant.**

**No. 80–0677–CV–W–8.**

United States District Court,
W.D. Missouri, W.D.

Dec. 14, 1983.

Richard E. Armitage, Thomas P. O'Donnell, Kansas City, Mo., for plaintiff.

Sheryl B. Etling, Richard Monaghan, Stinson, Mag & Fizzell, Kansas City, Mo., for defendant.

## ORDER

STEVENS, District Judge.

The issue of attorneys' fees is before this court on remand from the Eighth Circuit. *Clymore v. Far-Mar-Co, Inc.,* 709 F.2d 499 (8th Cir.1983). This court originally found for plaintiff under the Equal Pay Act and awarded backpay of $6,093.89, an equal sum as liquidated damages, and attorneys' fees of $12,000. *Clymore v. Far-Mar-Co, Inc.,* 549 F.Supp. 438 (W.D.Mo.1982). The Eighth Circuit upheld the award of backpay, reversed the award of liquidated damages, and remanded for a reassessment of attorneys' fees at trial and a decision on whether attorneys' fees should be awarded for the appeal. In its original opinion entered June 8, 1983, the Eighth Circuit remanded "for an appropriate recalculation *reducing the award* of attorneys' fees" (emphasis added); however, in an order entered July 29, 1983, the Eighth Circuit amended its original opinion by deleting the emphasized language.[1] The parties have fully briefed the issues presented, and the matter is ripe for consideration.

## I. ATTORNEYS' FEES: TRIAL

The frequently cited case of *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), lists twelve factors to be considered in determining a reasonable attorney's fee; among them is the "amount involved and the results obtained." *Id.* at 718. Recently, the Supreme Court took the "opportunity to clarify the proper relationship of the results obtained to an award of attorney's fees." *Hensley v. Eckerhart,* — U.S. ——, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988.

---

1. The amendment was made without explanation, but it is consistent with the rule that a trial court has considerable discretion in determining the amount of a reasonable attorney's fee. *Hensley v. Eckerhart,* — U.S. ——, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (U.S.1983).

Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.[2] Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

*Id.* 103 S.Ct. at 1943.

█ In the instant case, the results obtained on appeal were in two respects less favorable to plaintiff than those originally obtained here. First, the Eighth Circuit found that plaintiff's successor did not perform substantially equal work. In rejecting that portion of the analysis, the Eighth Circuit nonetheless upheld the award of backpay since it was also based on a finding which was not disturbed on appeal, namely, that plaintiff's male predecessors received greater pay for substantially equal work. Second, the Eighth Circuit eliminated the award of liquidated damages, finding that defendant had acted in good faith and had a reasonable basis to believe it was complying with the Equal Pay Act.

After considerable reflection, it is the opinion of this court that neither of the actions taken on appeal warrants a reduction of the original fee award. The rejection of the successor analysis had only an abstract impact on plaintiff's case since it did not affect the amount of her recovery. In contrast, the elimination of liquidated damages halved plaintiff's recovery, but

several considerations have persuaded this court not to reduce the fee award.

It is highly significant that the underlying finding of defendant's liability stands undisturbed, thus plaintiff will still recover the actual damages she sustained. In addition, it is unlikely that any hours expended by counsel are attributable solely to the matter of liquidated damages since, in preparing a case under the Equal Pay Act, counsel would expend virtually the same effort regardless of whether liquidated damages were obtained or even sought: whether defendant acted in good faith is a matter of inference based on all the evidence presented, the vast majority of which is also relevant to establish entitlement to backpay. Even assuming liquidated damages is a distinct and separable issue for purposes of awarding attorneys' fees, defendant's suggestion that the court slash the fee award in half is a simplistic approach which ignores the importance of the basic finding of liability; moreover, the Supreme Court has recently rejected "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon." *Hensley,* 103 S.Ct. at 1940 n. 11.

█ Defendant also suggests that the fee award should not exceed plaintiff's recovery. There is no such rule, particularly when a civil right, such as the right to receive equal pay for equal work, is at stake:

This court has in the past emphasized the need for district courts and courts of appeals to make certain that counsel is adequately compensated for the time expended in vindicating the civil and constitutional rights of a party.... One concern in such cases is that a plaintiff's counsel should not be denied a reasonable fee for time expended simply because

---

**2.** In the original order awarding attorneys' fees, this court concluded that plaintiff's attorneys should be compensated for time spent on plaintiff's successful Equal Pay Act claim but not for time spent on her unsuccessful Title VII claim for failure to promote. Finding a "rough equivalence" in the efforts expended for each claim, this court decided to compensate counsel for

about half the time spent on the case. 549 F.Supp. at 447–48. This is an obvious application of the *Hensley* rule of allocating attorney time among various claims. The issue now before the court is whether an allocation should be made with respect to subissues of the Equal Pay Act claim.

the amount of the award is not great.... It also should be obvious counsel should not have his award reduced simply because he is attempting to vindicate a person's civil rights.

*Jacquette v. Black Hawk County*, 710 F.2d 455, 458 (8th Cir.1983) (citations omitted). *Jacquette* presents an interesting comparison to the case at hand. The Eighth Circuit affirmed a fee award of $20,437, an amount more than thirteen times greater than the $1500 recovered by plaintiff. The case was settled shortly before trial on terms which had been acceptable to plaintiff when the litigation began three years before. In addition, the trial court found plaintiff's counsel guilty of misconduct, and the Eighth Circuit used the case as a springboard for a discussion on the "excessive cost and delay in litigation." 710 F.2d at 462–63. In contrast, the fee award of $12,000 in this case is slightly less than twice the amount recovered by plaintiff, the case came to trial eighteen months after filing, and it has been vigorously, yet courteously, litigated throughout.[3]

In light of all the circumstance discussed above, the court finds no basis for reducing the original fee award of $12,000; therefore, it will be reinstated along with the previous award of expenses in the amount of $757.29.

## II. ATTORNEYS' FEES: APPEAL

▬▬▬ An additional attorney's fee for services rendered on appeal is permissible under 29 U.S.C. § 216(b). *Montalvo v. Tower Life Building*, 426 F.2d 1135, 1150 (5th Cir.1970). The Eighth Circuit remanded the issue of appellate attorneys' fees and expenses to this court for consideration. Counsel for plaintiff have filed time summaries, affidavits, and suggestions in support of their application. Defendant opposes any such award.

Defendant first argues that plaintiff did not prevail on appeal. Defendant asserts that the prevailing party is to be determined by viewing each step of the litigation in isolation. According to defendant, plaintiff was the prevailing party at trial but not on appeal. Defendant cites no authority for this proposition, and the typical definition of a prevailing party does not seem to contemplate such a distinction: "A typical formulation is that 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue *in litigation* which achieves some of the benefit the parties sought in bringing suit.'" *Hensley*, 103 S.Ct. at 1939 (emphasis added). Moreover, defendant's proposed bifurcated definition of the prevailing party is lacking in logical force. Regardless of how many courts consider this matter, it is only one lawsuit with only one prevailing party. Carried to its logical conclusion, defendant's argument would mean that a plaintiff who prevailed at trial could simply abstain from the appeal without fear that his status as a prevailing party might be altered by subsequent decision.

Defendant also argues that since plaintiff's counsel will receive a fee award for preparation and trial of this matter an award of fees on appeal would be a "windfall." *But see Cleverly v. Western Electric Co.*, 594 F.2d 638, 643 (8th Cir.1979). Elsewhere, defendant points out that fee awards must be in line with fees normally charged in private practice. *Hensley*, 103 S.Ct. at 1939–40. The implication of these arguments combined is that appellate counsel customarily renders services free of charge; however, counsel for defendant has not declared that his services on appeal were rendered without charge. Accordingly, the court is not moved by defendant's cry of "windfall."

▬▬▬ The court has concluded that a modest award of appellate attorneys' fees

---

**3.** For this reason, defendant's argument that the fee award should be limited to forty percent of plaintiff's recovery, based on what counsel would have received by agreement had the case been settled, is a *non sequitur.* Part of the risk

defendant assumed in taking this case to trial was that a reasonable attorneys' fee might be awarded; defendant will not now be heard to complain that plaintiff's counsel are the recipients of a "windfall."

is warranted. Neither plaintiff nor her counsel should be penalized by defendant's decision to litigate this case every inch of the way. Plaintiff's statutory right to equal pay has been upheld on appeal, and those who vindicated her rights should be compensated as contemplated by statute.

Before the court are the fee applications filed with the Eighth Circuit as well as a supplemental fee application covering time spent on the case since remand. The total request for fees and expenses can be summarized as follows:

| | Hours | Hourly Rate | Amount |
|---|---|---|---|
| Richard E. Armitage | 127.95 | $65 | $ 8,316.75 |
| Thomas P. O'Donnell | 71.50 | $70 | $ 5,005.00 |
| Supplemental Fees | 27.25 | $65 | $ 1,771.25 |
| Law Clerk | 64.10 | $25 | $ 1,602.50 |
| Expenses | | | $ 645.61 |
| | | | $17,341.11 |

By any standard, the amount requested is excessive. Although the value of this case to plaintiff cannot be measured in dollars alone, the amount of her recovery offers some point of reference. Even allowing for the fact that a paying client might consider the vindication of a principle more important than a monetary recovery, this court finds it inconceivable that anyone would pay an attorney approximately $17,000 to defend a judgment of $12,187.78 on appeal. " 'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.' " *Hensley,* 103 S.Ct. at 1940 (emphasis in original).

For purposes of analyzing the fee application, the court has allocated the time spent on appeal among three categories: research and drafting of the brief, oral argument and its preparation, and miscellaneous time spent on conferences, correspondence, and procedural matters. The amount requested appears no less excessive when viewed in this manner.

Counsel spent 108.9 hours on research and drafting. Since counsel tried the case, they should have been familiar with the pertinent facts and legal issues. Under these circumstances, no more than 36 hours could have reasonably been spent on research and drafting.

Counsel spent 64.65 hours on oral argument and its preparation. Included in this figure are sixteen hours requested by Mr. O'Donnell for travel time, preparation, and oral argument on April 14 and 15, 1983, as well as another eighteen hours for preparation for oral argument between April 5 and 13, 1983. Once again, because of their familiarity with the case, counsel should be expected to prepare and argue it without such a tremendous investment of time. Under the circumstances no more than 12 hours could have reasonably been spent on oral argument and preparation.

Counsel spent 25.9 hours on miscellaneous matters related to the appeal. This rather arbitrary category encompasses review, discussion, correspondence, and the like. Much of the time is billed in fractional increments as small as .05 hour. The court believes that much of this time would never be billed to a typical client. It is common knowledge in the legal profession that attorneys devote a not insubstantial amount of time to a variety of minor matters without any genuine expectation of additional compensation. It is a matter of "billing judgment" (*Hensley,* 103 S.Ct. at 1940) which counsel here have apparently declined to exercise. Under the circumstances, the court will order compensation for 5 hours spent on miscellaneous matters.

Counsel have requested compensation for 64.10 hours in law clerk time. Virtually all of his time was spent on research and drafting of the brief. The court might be more receptive to this request had counsel not already requested compensation for 108.9 hours they spent on the very same tasks. The court does not intend to discourage the use of law clerks and paralegals since their efficient use can result in a lower total fee. *Dekro v. Stern Brothers & Co.,* 571 F.Supp. 97, 106 (W.D.Mo.1983).

In recognition of the fact that the law clerk undoubtedly performed some valuable, non-redundant services, the court finds five hours of law clerk time are reasonably compensable at a rate of $20 per hour.

Counsel have requested compensation for 24.25 [4] hours expended in litigating the issue of appellate attorneys' fees in this forum. This court does not quibble with the basic proposition that time spent in litigating a fee application is compensable. *See, e.g., Gagne v. Maher,* 594 F.2d 336, 343–44 (2nd Cir.1979), *aff'd,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). However, once again, the court finds the amount requested is excessive. Having considered all of the circumstances, the court finds that counsel should be compensated for 10 hours spent on the issue of appellate attorneys' fees.

Finally, counsel have requested $645.61 for expenses. Itemized statements support this request and include telephone, photocopying, and travel costs. The amount requested is reasonable and recoverable.

In summary, the court finds that counsel should be compensated for 63 hours reasonably expended on appeal and remand. The hourly rates requested are $65 for Richard E. Armitage and $70 for Thomas P. O'Donnell. The fee award at trial was based on an hourly rate of $50, which defendant conceded at the time was reasonable. 549 F.Supp. at 448. The court recognizes that fees regularly charged in this community have increased during the life of this case; accordingly, the court finds $55 to be a reasonable hourly rate. Thus, the calculations are as follows:

4. Counsels' estimate of three hours for preparation and oral argument of the instant matter has been eliminated from this total since there was no oral argument.

5. This amount shall be allocated between counsel based on the ratio between the hours each spent on appeal and remand and the total hours for which compensation was requested, as follows:

| | | |
|---|---|---|
| Richard E. Armitage | (68%) | $2356.20 |
| Thomas P. O'Donnell | (32%) | $1108.80 |

| Fees on Appeal | | |
|---|---|---|
| Research and Drafting | 36 hours | |
| Oral Argument and Preparation | 12 hours | |
| Miscellaneous | 5 hours | |
| | 53 hours @ $55 | $2915.00 |
| Fees on Remand | 10 hours @ $55 | 550.00 |
| | Total Attorneys' Fees | $3465.00 [5] |
| Law Clerk | 5 hours @ $20 | 100.00 |
| Expenses | | 645.61 |
| | Total Award | $4210.61 |

In reaching this result, the court has considered the factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), and in particular the time and labor required, the novelty and difficulty of the questions, customary fees for similar appeals [6], and the amount involved and the results obtained. *See also Hensley v. Eckerhart.*

The final matter before the court is the issue of interest on the judgment and fee awards. The Eighth Circuit has given this guidance:

Interest on the appellee's award of damages and for attorney fees and expenses in the district court should run from the date of original judgment until payment. Interest on the award of attorney fees and expenses on appeal, if any, should run from the date of the district court's supplemental judgment until payment. The interest rate should be determined under 28 U.S.C.A. § 1961 (Supp.1983).

*Clymore v. Far-Mar-Co, Inc.,* 709 F.2d 499 (8th Cir.1983).

A number of dates are important in making the necessary calculations. Interest on the $6,093.89 awarded to plaintiff shall run from July 20, 1982, the date of the original memorandum opinion and judgment.[7] Interest on the $12,000 award of

6. The award of appellate fees equals about twenty-five percent of the fee award at trial, a result comparable to that reached in *Cleverly v. Western Electric Co.,* 594 F.2d at 642–43 ($9,603 in trial fees and $2,467 in appellate fees).

7. In that opinion, the court fixed defendant's liability for unpaid compensation in 1978 and 1979 and established a formula for calculation of unpaid compensation in 1977. At the court's direction, the parties applied that formula to the evidence and thereafter filed a stipulation on the exact amount of unpaid compensation for 1977. In the order of September 13, 1982, the

attorneys' fees shall run from September 13, 1982. With respect to both of these awards, the applicable interest rate was 9 percent. Beginning October 1, 1982, the applicable interest rate began to fluctuate based on money market conditions. Therefore, interest on the appellate attorneys' fees awarded today shall accrue at the current rate of 9.88 percent.

## III. CONCLUSION

For the reasons stated, it is

ORDERED that in accordance with the opinion of the United States Court of Appeals for the Eighth Circuit filed in this matter on June 8, 1983, judgment in favor of plaintiff and against defendant is reinstated in the amended amount of $6,093.89. It is further

ORDERED that the award of $12,000 in attorneys' fees and $757.29 in expenses originally entered on September 13, 1982, is reinstated. It is further

ORDERED that the motions by plaintiff's counsel for award of attorneys' fees and expenses on appeal and the application for a supplemental fee award are granted in part as set forth in this opinion. Defendant shall pay $3,465 as a reasonable attorneys' fee and $745.61 for expenses, including law clerk time. It is further

ORDERED that interest on the judgment and awards of fees and expenses shall be calculated as set forth in this opinion.

court acknowledged the stipulation and directed entry of judgment in the appropriate total amount; however, for purposes of calculating interest on plaintiff's award, the court believes that July 20, 1982, is the operative date since defendant's liability to plaintiff was established on that date and only a minor mathematical calculation remained.