Phyllis T. JOHNSTON, Plaintiff,

v.

**SPECIALTY RESTAURANTS
CORP., Defendant.**

No. 83–0462–CV–W–5.

United States District Court,
W.D. Missouri, W.D.

Aug. 20, 1985.

James F. Ralls, Jr., Olsen & Talpers, Inc., Kansas City, Mo., for plaintiff.

Karen Iverson, Irwin E. Blond, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court are various post-trial motions. The Court will make the following rulings:

1. Defendant's motion for judgment notwithstanding the verdict and alternative motion for a new trial must be overruled. Defendant has raised four points in support of these motions, none of which have merit.

First, defendant claims that the jury's damage award of $21,115.60 on plaintiff's retaliatory discharge claim was not supported by the evidence. Specifically, defendant argues that the maximum backpay award to which plaintiff was entitled was $14,396.00. The $14,396.00 figure reflects the sum plaintiff would have earned as a second-desk auditor during the thirty months between her discharge and the day of trial ($1,000.00 per month $\times$ 30 months = $30,000.00), minus the amount plaintiff received in wages and unemployment benefits over that time period ($15,604.00). Thus, defendant contends that the jury's damage award on plaintiff's retaliatory discharge claim exceeded the maximum allowable under the evidence by nearly $7,000.00.

The critical flaw in defendant's argument is its assumption that plaintiff would have earned only the second-desk auditor wage of $1,000.00 per month if she had not been wrongfully discharged. As the jury implicitly found in the instant case, however, plaintiff would have been promoted to first-desk auditor if she had not been

discharged in retaliation for her protected activity.[1] The first-desk auditor position carried a starting salary of $1,200.00 per month. In addition, there was evidence that every six months plaintiff received regular salary increases of $50.00 per month while she worked for defendant. Thus, the evidence supported a jury finding that plaintiff would have earned up to $39,000.00 if she had not been wrongfully discharged.[2] Subtracting the $15,604.00 plaintiff received as interim earnings and unemployment benefits, it becomes evident that the maximum damage award supported by the evidence was $23,396.00. Accordingly, defendant's contention that the jury's award of $21,115.60 was beyond the maximum allowed by the evidence must be rejected.

■ Defendant's second point is that the Court erred in admitting testimony concerning statements made by Nancy Hamilton, the manager of the restaurant where plaintiff worked. These statements by Nancy Hamilton—to the effect that plain-

1. It was undisputed that, at approximately the same time plaintiff was discharged from her position as second-desk auditor, Dan Kramer was hired as first-desk auditor at a monthly salary of $1,200.00. Although there was disputed evidence on the issue, there clearly was sufficient evidence to support a jury finding that plaintiff would have been promoted to fill the first-desk vacancy but for her wrongful discharge. Indeed, the greater weight of the evidence tended to show that Dan Kramer·was far less qualified for the first-desk position than plaintiff and that plaintiff would have been promoted to the first-desk position but for defendant's retaliatory animus.

Defendant does not dispute the sufficiency of the evidence to support a finding that plaintiff would have been promoted but for her wrongful discharge; instead, defendant contends that the promotion issue was never pleaded as a theory of damages and was not mentioned in the damages instruction. The short answer to defendant's contention is that, under the Federal Rules of Civil Procedure, the pleadings are deemed to conform to the evidence adduced at trial. *See* Fed.R.Civ.P. 15(b) (when issues not raised by pleadings are tried by implied consent of the parties, they shall be treated as if they had been raised in the pleadings); *see also Vogrin v. Hedstrom,* 220 F.2d 863, 866 (8th Cir.1955). This rule is to be applied liberally to achieve substantial justice. *E.g., Robbins v. Jordan,* 181 F.2d 793, 794 (D.C.Cir.1950). The determination of whether an issue was tried by implied consent rests within the discretion of the trial court. *E.g. Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449, 457 (10th Cir.1982). Here, the issue of retaliatory failure to promote as an element of damages clearly was tried by the implied consent of the parties. Defendant never objected to evidence concerning the relative qualifications of plaintiff and Dan Kramer as being beyond the scope of the pleadings, despite the fact that this evidence obviously reflected on plaintiff's measure of damages. Indeed, defendant spent a substantial amount of time attempting to show that plaintiff was not qualified for the first-desk auditor position. Under these circumstances, the Court is compelled to hold that the issue of retaliatory failure to promote as an element of damages was tried by the implied consent of the parties and that the pleadings are deemed to be amended to raise that issue. *See, e.g., Troutman v. Modlin,* 353 F.2d 382,. 384–85 (8th Cir.1965) (upholding jury award of $10,000 even though plaintiff's complaint prayed for only $2,000 where evidence at trial indicated additional element of damages); *see also Peterson v. Auto Wash Mfg. & Supply Co.,* 676 F.2d 949, 954 (8th Cir. 1982) (issue was tried by implied consent where testimony on the issue was adduced without objection). Although the damages instruction submitted to the jury did not explicitly mention retaliatory failure to promote, the Court believes that it was broad enough to encompass the issue. The instruction, which was based on Mo. Approved Instr. 4.01, generically stated that the jurors were to "... award the plaintiff such sum as [they] believe will fairly and justly compensate the plaintiff for *any* lost wages [they] believe she sustained..." Instruction No. 10 (emphasis added).

2. The following chart reflects how this $39,000.00 figure was calculated:

| Six–Month Period | Monthly Salary | Maximum Salary Supported by the Evidence | Balance |
|---|---|---|---|
| 1–6 | $1200 | $7200 | $ 7,200 |
| 7–12 | $1250 | $7500 | $ 14,700 |
| 13–18 | $1300 | $7800 | $ 22,500 |
| 19–24 | $1350 | $8100 | $ 30,600 |
| 25–30 | $1400 | $8400 | $ 39,000 |

tiff should be punished for turning defendant in to the Department of Labor—were crucial to plaintiff's case. Defendant claims that there was no foundation to establish that Hamilton's statements were made in the scope of her employment or were communicated to other management employees of defendant who were in a position to affect plaintiff's employment. Defendant is absolutely wrong on this point. Defendant's own evidence was that Linda Kinney Osterbrook was responsible for employment decisions concerning first and second-desk auditors such as plaintiff. Dan Kramer testified that Nancy Hamilton made her disparaging and retaliatory statements concerning plaintiff *in the presence of* Linda Kinney Osterbrook. Thus, Kramer's testimony concerning Hamilton's extrajudicial statements clearly was predicated on a proper foundation. Before trial, defendant filed a motion in limine to exclude Dan Kramer's testimony concerning statements by Nancy Hamilton. At trial, notwithstanding Kramer's testimony that Hamilton had made the statements in front of Linda Kinney Osterbrook, defendant renewed its objection. Now, after the jury has implicitly found that Kramer's testimony was more credible than that of Osterbrook,[3] defendant still contends that plaintiff did not lay an adequate foundation. Defendant's argument is wholly without merit.

■ Defendant's third point is that the Court "erred in permitting plaintiff to adduce evidence intended to show that plaintiff was the victim of racial discrimination or retaliation." There is simply no substance behind this allegation of error. The evidence to which defendant refers was introduced only as background information and certainly was not "intended to show" that plaintiff was a victim of racial discrimination.

■ Defendant's final point of error is that the Court abused its discretion by excluding evidence that the Wage and Hour Division of the Department of Labor investigated plaintiff's claim of retaliatory discharge and found no basis for her claim. As defendant acknowledges, the admissibility of that finding is a matter of discretion for the trial court. *E.g., Briseno v. Central Technical Community College Area,* 739 F.2d 344, 347 (8th Cir.1984). Here, the Court exercised its discretion to exclude this evidence for the basic reason that it has no probative value and tends to undermine the province of the jury.

Accordingly, defendant's motion for judgment notwithstanding the verdict and alternative motion for a new trial will be overruled.

■ 2. Plaintiff's motion for a new trial on the issue of punitive damages under her service letter claim will be overruled. Under Missouri law, it is well-settled that the decision of whether to award punitive damages lies wholly within the discretion of the trier of facts. *E.g., DeBow v. Higgins,* 425 S.W.2d 135, 143 (Mo.1968).

3. Plaintiff's motion for an award of liquidated damages in the amount of $22,-606.94 will be sustained. Plaintiff recovered two independent damage awards under the Fair Labor Standards Act (FLSA) in this case: $21,115.60 on her retaliatory discharge claim, and $1,491.34 on her unpaid overtime claim. Under 29 U.S.C. § 216(b), a prevailing plaintiff on a FLSA claim is presumptively entitled to her lost wages and an equal amount as liquidated damages. Under 29 U.S.C. § 260, an

---

**3.** Osterbrook testified on behalf of defendant and categorically denied that Hamilton had made any disparaging remarks to her concerning plaintiff. Dan Kramer's testimony—that Hamilton made the disparaging remarks in Osterbrook's presence—was equally unequivocal. Thus, the case boiled down to a credibility dispute to be resolved by the jury. By its verdict, the jury has indicated that Kramer was a credible witness and that Osterbrook was not. The Court concurs with the jury's credibility finding.

Dan Kramer was forthright and candid on the witness stand. Moreover, he had no motive to falsify or forget what had occurred. In contrast, Linda Kinney Osterbrook appeared tentative, hesitant, and worried on the witness stand. In addition, if she had been influenced in her employment decisions by Hamilton's disparaging remarks concerning plaintiff, she would not be particularly inclined to reveal that fact in open Court.

award of liquidated damages is mandatory unless the Court finds that the employer had a reasonable, good faith belief that it was not in violation of the FLSA.

 Here, the Court finds that defendant did not have a reasonable, good faith belief that it was not in violation of the FLSA. To the contrary, defendant's violations of the FLSA were willful. Defendant disputed plaintiff's entitlement to overtime compensation up to the first day of trial. This "stonewalling" effort does not manifest good faith. In addition, the jury found that defendant intentionally discharged plaintiff in retaliation for her protected activity. Defendant relied on the testimony of Linda Kinney Osterbrook in contending that the decision to discharge plaintiff was not motivated by any unlawful purpose. That testimony was implicitly rejected by the jury as not credible.[4] Instead, the jury expressly found that defendant terminated plaintiff's employment *because* she had engaged in protected activity. The Court does not understand how such an intentional unlawful act could have been undertaken in good faith. Accordingly, plaintiff's motion for liquidated damages will be sustained.

 4. Plaintiff's motion for an award of prejudgment interest on her FLSA will be conditionally overruled. The Eighth Circuit has held that a prevailing plaintiff in a FLSA case may not recover both liquidated damages and prejudgment interest. *See Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1102 (8th Cir.1982). Consequently, in light of the Court's decision to award plaintiff liquidated damages on both of her FLSA claims, prejudgment interest will be withheld. In the event that the Court of Appeals should disturb the liquidated damages awards, however, this Court would be inclined to award plaintiff prejudgment interest in the amount of 9 percent per annum. *See Hodgson v. American Can Co.*, 440 F.2d 916, 921–22 (8th Cir.1971); *Folz v. Marriott Corp.*, 594 F.Supp. 1007, 1016–17 (W.D.Mo.1984.)

 5. Plaintiff's motion for an award of attorney's fees under 29 U.S.C. § 216(b)

in the amount of $31,832.50 will be sustained. The Court has reviewed the itemized statement submitted by plaintiff's attorneys and finds that the number of hours spent by plaintiff's attorneys to be reasonable. In addition, the Court believes that the hourly rates of compensation listed by plaintiff's attorneys are reasonable. Accordingly, under all of the relevant circumstances, *see Clymore v. Far-Mar-Co., Inc.*, 576 F.Supp. 1161 (W.D.Mo.1983), the Court finds that the attorney's fee award of $31,832.50 sought by plaintiff is very reasonable.

 6. Plaintiff's motion for an award of her costs will be overruled without prejudice as being premature. Because she prevailed in this lawsuit, plaintiff is, of course, entitled to her costs. 29 U.S.C. § 216(b). Pursuant to local custom, however, the Court does not take the initial responsibility for preparation or approval of the bill of costs. Instead, the Clerk of the Court ordinarily prepares the bill of costs and sends it to the parties. At that time, the parties may object or propose additions to the bill prepared by the Clerk. Only after a dispute has been crystallized in that fashion does the matter become ripe for review by the Court.

In accordance with the foregoing, it is hereby

ORDERED that defendant's motion for judgment notwithstanding the verdict and alternative motion for a new trial are overruled. It is further

ORDERED that plaintiff's motion for a new trial on the issue of punitive damages on her service letter claim is overruled. It is further

ORDERED that plaintiff's motion for an award of liquidated damages is sustained. It is further

ORDERED that the judgment herein is amended and judgment is now entered in the amount of $45,214.88 in favor of plaintiff and against defendant. This judgment reflects the following components: $21,115.60 as actual damages on plaintiff's retaliatory discharge claim; $21,115.60 as liq-

---

**4.** *See* note 3 *supra.*

uidated damages on plaintiff's retaliatory discharge claim, $1,491.34 as actual damages on plaintiff's overtime claim; $1,491.34 as liquidated damages on plaintiff's overtime claim; and $1.00 as nominal damages on plaintiff's service letter claim. It is further

ORDERED that plaintiff's motion for prejudgment interest is overruled. It is further

ORDERED that plaintiff's motion for an award of attorney's fees in the amount of $31,832.50 is sustained. It is further

ORDERED that plaintiff's motion for an award of costs is overruled without prejudice.