Edward F. DOUGHERTY, et al., Plaintiffs,

v.

Marion S. BARRY, Jr., et al., Defendants.

Civ. A. Nos. 82–1687 (JHG), 83–0134 (JHG).

United States District Court, District of Columbia.

May 5, 1993.

William F. Causey, Washington, DC, (formerly with Falk & Causey), for plaintiffs.

George C. Valentine, Benjamin J. Blustein, Asst. Corp. Counsel, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Presently pending in these two civil rights actions are a motion for attorneys' fees and costs incurred during the initial trial of the cases, a motion for attorneys' fees and costs incurred during the appeal of the cases, the issue of damages to which the five successful plaintiffs are entitled (on remand from the Court of Appeals), and defendants' request for mediation between the parties on these matters. With this Order, it is earnestly hoped that these cases are extremely close to final resolutions.

## BACKGROUND

These related actions arise from promotions of two black individuals to deputy fire chief positions within the District of Columbia Fire Department. The eight plaintiffs, who are all white, alleged that they were eligible for those promotions and contended that they were not selected because of their race. Edward F. Dougherty, Andrew T. Buckler, Jr., Wilton E. Watts, Henry J. Ford, and Francis X. Flaherty brought Civil Action No. 82–1687 pursuant to the Civil Rights Act of 1866, codified as 42 U.S.C. § 1981, and the Fifth Amendment to the United States Constitution. Those five plaintiffs and Bernard M. Bowerman, Vincent K. Elmore, and William H. Phillips brought Civil Action No. 83–0314 pursuant to Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. §§ 2000e et seq. Although not consolidated, the two cases were resolved together after a four day trial. The Court found in favor of all eight plaintiffs and granted a declaratory judgment stating that they were subjected to unlawful discrimination in the selection process underlying the promotions. Dougherty v. Barry, 607 F.Supp. 1271, 1289 (D.D.C.1985). The Court also awarded retroactive monetary relief to all eight plaintiffs, but because plaintiffs did not expressly request prejudgment interest in their complaints, such interest was not

awarded. *Id.* at 1289–90. Because all eight of the plaintiffs had resigned from the fire department before filing suit, the Court denied as moot their requests for injunctive relief. *Id.* at 1289.

The defendants appealed the Court's judgments, specifically challenging the findings of liability, the conclusion that plaintiffs' Title VII claims were timely filed, and the computation of damages. Before the Court of Appeals issued its ruling, the defendants withdrew their challenge to the liability finding. After oral argument, the Court of Appeals found in favor of the defendants on the two remaining appellate issues, dismissed all Title VII claims as untimely (thereby finding that Bowerman, Elmore, and Phillips, who were not parties to the § 1981 suit, were not entitled to any relief), and remanded the cases for a recomputation of damages. *Dougherty v. Barry*, 869 F.2d 605 (D.C.Cir. 1989).

Upon remand, and pursuant to a motion filed by the plaintiffs, conferences have been held by the Court to assist in attempts to settle the remaining issues in the cases. Prior to one of the conferences, plaintiffs filed a settlement conference statement, in which they proposed methods for the computation of damages and in which they reiterated their positions on attorneys' fees issues. Subsequent to that conference, which did not result in settlement, the defendants filed a response to plaintiffs' statement, indicating that the defendants did not challenge an award of attorneys' fees and costs to counsel for work performed at the trial level but that they did contest any award for fees and costs incurred on appeal. The response also took issue with plaintiffs' proposed methods of computing damages. Plaintiffs filed a reply to the response, and defendants filed a surreply.

On February 17, 1993, the defendants asked the Court to refer the cases to mediation. Plaintiffs opposed the request, although they indicated they would take part in non-binding mediation in good faith if ordered to do so. Because of the length of time this matter has been pending, and because it appears that mediation is unlikely to succeed, defendants' request is denied and all outstanding issues are resolved below.

## DISCUSSION

### A. Damages

■ In its opinion remanding the issue of damages, the Court of Appeals held that the extent of the monetary relief granted by the District Court was "overly generous," 869 F.2d at 614, and instructed, "[I]n order to restore appellees to the position they would have occupied absent discrimination, the district court should have awarded each appellee a fraction of the promotions' value commensurate with the likelihood of his receiving one of the promotions.... [O]n remand, then, the district court may[1] simply divide the monetary value of the two promotions equally among appellees." *Id.* at 615. Unfortunately, the task now facing the Court is not as simple as it might appear, given that the value of the promotions varied among the plaintiffs in accordance with their previous differing salaries, benefits, and life expectancies.

Recognizing the varying values of the promotions, the parties have proposed several different methods of determining damages. The methods include taking the average of the amounts which each of the five plaintiffs would have received had he obtained a promotion, multiplying that average by two in light of the fact that two promotions were available, and dividing the result equally among the five claimants; distributing the sum of the two highest amounts equally among the claimants; distributing the sum of the two lowest amounts equally among the plaintiffs; and taking the sum of the value of the promotions of the two most senior claimants and distributing that amount equally. Upon careful consideration of the remand and elementary principles of probability and statistics, the Court has formulated its own method of distribution.

1. The Court notes the permissive language used by the Court of Appeals when it suggested an equal distribution of damages.

Regardless of the fact that each plaintiff held an equal probability of obtaining one of the two promotions, because the value of a promotion varies with each claimant, it is incorrect to award the five plaintiffs an equal amount of damages as both sides have proposed. Rather, to guarantee that each plaintiff is awarded "a fraction of the promotions' value commensurate with the likelihood of his receiving one of the promotions," 869 F.2d at 615, each plaintiff should be awarded an amount equal to the value of the promotion to him multiplied by two-fifths (0.4), the probability that he would have received one of the two available promotions. Using this method will ensure that the defendants will pay the "expected value" [2] of the promotions, equivalent under these circumstances to twice the average worth of a promotion. Use of the method will also guarantee that the plaintiffs to whom the promotions were least valuable are not awarded windfalls at the expense of the plaintiffs to whom the promotions were the most valuable.

The value of a promotion to each of the five plaintiffs (which will then be multiplied by 0.4 to determine the damages for each plaintiff) shall be computed in accordance with the methodology set forth by the Court in its reported Memorandum Opinion.[3] The annuity adjustment payments shall be reduced to "present value" as of April 30, 1985, the date of the initial judgments.

■ In accordance with 28 U.S.C. § 1961, postjudgment interest is awarded and shall be computed as directed by that provision, using an interest rate of 9.15 percent, which, according to the Clerk of the Court, was the coupon issue yield equivalent of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgments. Because plaintiffs did not expressly request prejudgment interest in their complaint and did not appeal their failure to obtain prejudgment interest after trial, no prejudgment interest is award-

ed. *See McKnight v. General Motors Corp.,* 768 F.Supp. 675, 683 (E.D.Wis.1991), *vacated in part and amended in part on other grounds by* 1992 WL 92770 (E.D.Wis. April 22, 1992), *vacated by* 1992 WL 126297 (E.D.Wis. June 2, 1992).

Counsel for both sides are directed to compute the specific amount of damages to which each of the five successful plaintiffs are entitled in accordance with this opinion and to submit a joint statement containing the step by step calculations and final results. Upon receipt and review of the joint statement, the Court will promptly enter judgment in the appropriate specific amounts.

**B. Attorneys' Fees and Costs**

■ "In any action or proceeding to enforce a provision of section[ ] 1981, ... the court, in its discretion, may allow the prevailing party other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. To be considered a "prevailing party," a plaintiff must have received "at least some relief on the merits of his claim." *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987). That relief may be in the form of a damages award, an injunction, a declaratory judgment, or even relief without the benefit of a formal judgment such as a consent decree or settlement. *Id.* However, "at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (citations omitted).

As an initial matter, the defendants have represented that they do not oppose the request made on behalf of Robert King and Marianne Shannon for fees and costs incurred at the District Court level and the supplemental request for costs. Accordingly,

---

**2.** *See* Mendenhall, Scheaffer, Wackerly, Mathematical Statistics with Applications 97 (3d ed. 1986).

**3.** As explained in the Memorandum Opinion at 607 F.Supp. 1290, the award of retroactive relief

due to Dougherty shall be reduced to the extent that it duplicates elements of the relief awarded to him in *Dougherty v. Barry,* 604 F.Supp. 1424 (D.D.C.1985).

fees in the amount of $46,970.25 and costs in the amount of $3,796.96 are awarded to trial counsel without objection.

█ Plaintiffs' appellate counsel, different from plaintiffs' trial counsel, have requested on behalf of all eight plaintiffs an award of fees and costs for work performed on appeal. The defendants have challenged that request, primarily on the grounds that the five plaintiffs who ultimately succeeded in their § 1981 claims did not "prevail" on the two main appellate issues resolved by the Circuit and that the three plaintiffs who had their entire case dismissed cannot be said to have prevailed at all.

█ Defendants' attempt to bifurcate a determination of whether plaintiffs prevailed on appeal from whether plaintiffs prevailed at trial for purposes of determining eligibility of fees is rejected. Defendants have not cited any authority for their position, and the language of the fees statute and of Supreme Court opinions applying the statute do not appear to support defendants' contention. Section 1988 refers to any "action or proceeding" to enforce the enumerated civil rights provisions and does not distinguish between trial and appellate stages. In addition, the Supreme Court has directed lower courts resolving fee requests to examine whether "resolution of the dispute" changed the legal relationship between the parties, *Texas State Teachers Ass'n*, 489 U.S. at 792, 109 S.Ct. at 1493 and whether the plaintiff succeeded on any significant issue "in litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). That language strongly indicates that whether a party "prevailed" as that term is used in § 1988 is determined by examination of the entire case and not at various stages of the litigation. As one court articulated, "[A] proposed bifurcated definition of the prevailing party is lacking in logical force. Regardless of how many courts consider this matter, it is only one lawsuit with only one prevailing party." *Clymore v. Far–Mar–Co, Inc.*, 576 F.Supp. 1161, 1164 (W.D.Mo.1983). *See also Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 237–38 (5th Cir.1990) (Even though defendant did not prevail on an initial appeal, it ultimately

prevailed on the merits of the litigation and was therefore entitled to fees incurred for work done on the appeal.) Given that Dougherty, Buckler, Watts, Ford, and Flaherty ultimately succeeded in their § 1981 claims and were determined by this Court and the Court of Appeals to be entitled to both declaratory and monetary judgments, those plaintiffs are eligible for the reasonable fees and costs incurred on both the trial and appellate levels, including fees and costs incurred in defending on appeal specific issues which were ultimately decided against them.

█ Although Dougherty, Buckler, Watts, Ford, and Flaherty are eligible for reasonable fees and costs incurred on appeal, Bowerman, Elmore, and Phillips are not. Those three plaintiffs were ultimately denied all requests for monetary, injunctive, and declaratory relief. In addition, because all plaintiffs had resigned from the fire department more than two years before their Title VII action was commenced, defendants' withdrawal of their challenge to this Court's finding of discriminatory action could not have materially altered the legal relationship between the parties. *See Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S.Ct. 202, 203, 102 L.Ed.2d 1 (two plaintiffs who received a declaratory judgment that a prison policy was illegal could not be considered prevailing parties because one had died and the other was paroled before the judgment was issued); *Hewitt*, 482 U.S. at 763–64, 107 S.Ct. at 2677–78 (plaintiff could not be considered a prevailing party under § 1988 because he received no formal judicial relief and because even if his suit could be found to be the direct cause of an amended prison regulation, he had long since been released from prison and could not enjoy the benefit of the policy change). Accordingly, the prerequisites for fees and costs not having been met, the portion of plaintiffs/appellees' motion seeking fees and costs for Bowerman, Elmore, and Phillips is denied.

█ Once a finding of eligibility for fees has been made, a "lodestar" must be determined, which is equal the hours reasonably expended by counsel multiplied by a reasonable hourly rate. *See Nat'l Ass'n of*

*Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1323 (D.C.Cir.1982); *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C.Cir. 1980). The calculation of the reasonable hours expended requires a computation of the actual amount of hours worked and a determination of the amount of those hours that were reasonably incurred. *See Copeland* at 891. It is the party seeking to recover fees that bears the burden of establishing the amount and reasonableness of hours worked. *See Nat'l Ass'n of Concerned Veterans* at 1327.

■ Because the plaintiffs have not separated the hours worked and costs incurred solely on behalf of the five prevailing plaintiffs from the hours and costs expended on behalf of the three plaintiffs that did not prevail, and because plaintiffs have not sufficiently shown that the same amount of fees and costs would have been incurred regardless of whether the three nonprevailing plaintiffs were involved in the appeal, the Court will not compute at this time the amount of appellate fees and costs to which plaintiffs are entitled. Although plaintiffs' counsel have indicated that segregating the hours worked and costs incurred on behalf of the prevailing and nonprevailing plaintiffs may be impossible and that the same amount of attorneys' fees and expenses would have been incurred had only the § 1981 case been prosecuted, *see* Plaintiff's Settlement Conference Statement at 6–7, counsel have not sufficiently supported those assertions. Accordingly, counsel are directed to attempt to segregate hours worked and costs expended for Dougherty, Buckler, Watts, Ford and Flaherty from hours worked and costs incurred on behalf of Bowerman, Elmore, and Phillips. If no hours or costs were expended solely on behalf of the three plaintiffs, counsel are to provide sufficient evidence of that fact. Should counsel be unable to segregate the hours and costs or fail to establish that all hours and costs would have been incurred regardless of whether the three plaintiffs were involved in the appeal, counsel shall segregate the hours and costs incurred in furtherance of the Title VII case from those incurred in furtherance of the § 1981 case.[4] The Court will then use the hours expended on the § 1981 appeal to compute the lodestar.

## CONCLUSION

For the reasons state above, it is hereby

ORDERED that Defendants' Request for Mediation is denied.

It is FURTHER ORDERED that Edward F. Dougherty, Andrew T. Buckler, Jr., Wilton E. Watts, Henry J. Ford, and Francis X. Flaherty shall each be awarded damages equal to two-fifths of the amount he would have received had he been able to definitively establish that he would have obtained one of the two promotions at issue. Counsel shall file on or before May 24, 1993 a joint statement calculating the damages for each plaintiff in accordance with the instructions provided in this Order. The statement shall provide sufficient detail to enable the Court to ensure that the calculations are correct. The Court will promptly enter judgment in the specific monetary amounts once it has received and reviewed the joint statement.

It is FURTHER ORDERED that Plaintiffs' Petition for Attorneys' Fees and Costs and Plaintiffs' Supplemental Petition for Costs, filed by trial counsel, are granted without opposition. Trial counsel are awarded $46,970.25 in fees and $3,796.96 in costs. These payments shall be made *forthwith.*

Because Edward F. Dougherty, Andrew T. Buckler, Jr., Wilton E. Watts, Henry J. Ford, and Francis X. Flaherty have been found to be "prevailing parties" and because Bernard M. Bowerman, Vincent K. Elmore, and William H. Phillips have not prevailed for purposes of 42 U.S.C. § 1988, it is

FURTHER ORDERED that Plaintiffs'/Appellees' Application for Attorney's Fees is granted in part and denied in part. To assist the court in determining the specific amount of fees and costs to which the prevailing plaintiffs are entitled, plaintiffs' counsel shall submit on or before May 28,

---

**4.** The first few billing pages attached to Plaintiffs'/Appellees' Application for Attorney's Fees make clear that at least some segregation of hours worked and costs incurred for the two cases is possible.

1993 a detailed accounting of the hours worked and costs incurred on appeal which segregates the costs and fees according to the prevailing and nonprevailing plaintiffs. If no hours were expended or costs incurred solely on behalf of the nonprevailing plaintiffs, counsel are to provide sufficient evidence of that fact. If it is impossible to accomplish such segregation, counsel shall provide a detailed accounting separating hours worked and costs incurred on appeal for the Title VII case from hours worked and costs incurred on appeal for the § 1981 case. Any response by defendants to plaintiffs' counsel's submission shall be filed on or before June 8, 1993. Plaintiffs' counsel's reply, if any, shall be filed on or before June 15, 1993. All submissions shall contain sufficient detail to allow the Court to audit the numbers provided. Once all filings have been received, the Court will promptly compute and award the appropriate appellate fees and costs.

IT IS SO ORDERED.